FRANK GUNTER *v.* SEABOARD COPPER MINING CO.

( *Knoxville.* September Term, 1919.)

CONTEMPT. No appea lies from acquittal.

Where defendants in suit to enjoin depredations on land were discharged in complainant's contempt proceedings against them for violation of the temporary injunction, complainant could not appeal to the court of civil appeals; contempt proceedings being in their nature criminal, and no appeal from an acquittal lying.

Cases cited and distinguished: Craig v. McCulloch, 20 W. Va., 148; Commonwealth v. Richardson, 136 Ky., 699; People ex rel. v. Ann Arbor R. R. Co., 137 Mich., 673; Graham v. Williamson, 128 Tenn., 722.

---

FROM MONROE.

---

Appeal from the Chancery Court of Monroe County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HON. T. L. STEWART, Chancellor.

G. B. MURRAY, for appellant.

NORMAN B. MORRELL, for appellant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill in this cause was filed primarily to enjoin the defendant from committing certain depredations upon a small tract of land which complainant claimed he owned.

Pending the taking of the proof and the hearing of the cause on the merits, the complainant filed a petition, citing the defendants for contempt for violating the injunction.

The defendants shortly thereafter, and before the regular term of the chancery court of Monroe county, served notice upon the complainant that they would appear before the chancellor at chambers at Winchester, Tenn., for the purpose of purging themselves of the contempt with which they had been charged by the complainant in said petition.

The complainant resisted a hearing at said time and place, and, over the objection of the complainant, the court heard said matter of contempt, and discharged the defendants, the court being of the opinion that they had not violated said injunction.

Thereupon the complainant filed the record in the court of civil appeals for writ of error and *supersedeas;* but on final hearing the court of civil appeals dismissed said writ of error, said court being of the opinion that this particular phase of the cause could not be brought to the higher court in this way, and to review the action of the court of civil appeals the complainant has filed a petition in this court for writ of *certiorari.*

We are of the opinion that the court of civil appeals was correct in the result of its holding.

In *Craig* v. *McCulloch,* 20 W. Va., 148, the court said: ''A reference to the facts hereinbefore stated will show that the judge, against whose order the alleged contempt was committed, has expressly decided that no contempt had been committed. This action is conclusive. Proceedings for the punishment of contempt are

in their nature criminal; and, while an appeal to this court lies in cases of conviction, no appeal lies from an acquittal.''

In *Commonwealth* v. *Richardson*, 136 Ky., 609, 125 S. W., 147, the court says:

''Thus it will be seen that the sole question involved on this appeal is whether or not in contempt proceedings this court has the power, upon appeal by the commonwealth, to review the action of the trial court in holding that no contempt has been committed.'' ''In the case under consideration the court held that the defendants were not guilty of contempt, and of course no punishment of any kind was inflicted upon them. If this court had the right of review in such a case, the only question it could determine would be whether or not a contempt had been committed. Not having authority to review this question, it follows that no appeal will lie in the absence of a statute giving the right of appeal. Nor can we see any good reason why the commonwealth should have a right of appeal. Trial courts may be relied upon to protect their own dignity, and to see that their processes are not obstructed. It would be a novel doctrine, indeed, for this court to hold that it had the power to declare an act to be in contempt of court which the court, itself, after a full hearing, determined not to be contempt.''

It appears that in Kentucky the court will not review as to the guilt of the defendant, but will entertain appeals solely for the purpose of determining whether the judgment was illegally imposed, and whether the punishment is excessive.

In *People ex rel.* v. *Ann Arbor R. R. Co.*, 137 Mich., 673, 100 N. W., 892, the court said:

"We find it settled by the previous decisions of this court that this court will not review the determination of a circuit judge refusing to punish for contempt."

The same principle was recognized by this court in the case of *Brooks* v. *Fleming*, 6 Baxt., 331. In that case a petition was filed charging Fleming with contempt of court, and also asking that he be stricken from the roll of attorneys. The court convicted Fleming of contempt, but declined to strike him from the roll. Fleming appealed from the conviction of contempt, and Brooks appealed from the order refusing to strike. In speaking of this last question the court said:

"In entering upon the consideration of the motion to strike from the roll, we are met at the threshhold with the troublesome question, Does an appeal or writ of error lie from the action of the chancellor discharging the motion? We have availed ourselves of an authority in our reach likely to give us aid in the investigation, and have derived but little assistance. Upon principle, however, and considering the relation of the attorney to the county and the courts, we are of opinion no appeal will lie.

"The power to strike from the rolls was conferred upon the courts for the purpose of enabling each to maintain order, good bearing and professional decorum, and to make each the guardian of its bar for the enforcement of morality and propriety in the conduct of its members. Of the proper observance of these things each court must be its own judge. The question to

2—142 Tenn.

be enquired of in such case is, ordinarily, one of morals and not of law. Legislation has done all it can do when it has intrusted the solution of such questions to the discretion of the court, and if, in the exercise of that discretion, he has declined the exercise of power, the relator cannot complain by appeal or writ of error."

In *Graham* v. *Williamson*, 128 Tenn., 722, 164 S. W., 782, this court said:

"While it is true that a contempt proceeding is of a criminal nature, it is also in the nature of a civil proceeding. By this is meant that proceedings for ascertaining the existence of a contempt may be purely civil in the court in which the contempt arises, but that it is an offense against public justice, and may be proceeded against also by indictment or presentment, and that, whichever form of procedure may be adopted, the punishment is a criminal punishment, which is either by fine or by fine and imprisonment."

Under our practice, the act complained of is criminal in its nature, while it might not be such in some jurisdictions where the fine imposed inures to the benefit of the party injured. It follows, therefore, as a matter of course, that no appeal will lie, where the defendant has been exculpated, any more so than in a case where a defendant has been found not guilty on a charge of assault and battery. We think this view of the matter has been generally accepted by the profession; for, while our reports are full of cases where defendants, found guilty of contempt, have appealed, we have been unable to find a case in this State in which an appeal was sought where the defendant was acquitted in the lower court.

Gunter v. Seaboard Copper Minning Co.

No error is assigned as to the action of the court of civil appeals in failing to pass upon the question of the right of the chancellor to hear the contempt matter in vacation at Winchester and hence we cannot consider that matter.

It follows that the result reached by the court of civil appeals is correct, and its decree will be affirmed.