W. A. COLLIER *et al. v.* CITY OF MEMPHIS.

(*Nashville,* December Term, 1929.)

Opinion filed April 5,.1930.

J. G. REASONOVER, for W. A. and ALICE T. COLLIER.

WALTER CHANDLER and A. L. HEISKELL, for City of Memphis.

MR. JUSTICE COOK delivered the opinion of the Court.

Upon petitions of the City, W. A. and Alice T. Collier were cited for contempt for the alleged violation of an injunction. The chancellor was of the opinion that appeal transferred jurisdiction to the Court of Appeals where it remained even after a disposition of the cause in that court.

The cause in which the injunction was issued originated in the chancery court, was transferred to the jury docket and tried before the chancellor and a jury, and the appeal was from the decree of the court upon the verdict of the jury.

■ The case was not tried according to the forms of chancery and therefore not open to broad appeal as under section 4887 of Shannon's Code, so as to transfer the case to the appellate court for trial *de novo,* but would be controlled by section 4888 of Shannon's Code, which provides:

"Issues of fact in chancery, made upon demand of either party, and tried by jury according to the forms of a court of law, are not embraced in the foregoing section (4888), and errors in the proceedings therein had can only be corrected as errors are corrected in actions at law."

This section of the Code was interpreted and applied in *State* v. *Hawkins,* 91 Tenn., 140.

The broad appeal under section 4887 would vacate all orders and decrees of the chancellor and transfer jurisdiction to the appellate court. *McCormick* v. *State,* 140 Tenn., 271. But an appeal controlled by section 4888, *supra,* would be an appeal in the nature of a writ of error and operate only to suspend the orders and decrees of the chancellor. *Spalding* v. *Kincaid,* 1 Shann. Cas., 32; *Akers* v. *Akers,* 16 Lea, 7; *Ferber* v. *Carter,* 2 Sneed, 2.

■ Upon affirmance for want of error, jurisdiction was restored to the chancery court where the chancellor would, according to his discretion, exercise jurisdiction for the alleged contempt.

■ It is insisted by appellees that appeal does not lie in contempt cases and further that jurisdiction is with the Court of Appeals. Proceedings for the punishment of contempt are in their nature criminal and while an appeal to this court lies in cases of conviction no appeal lies from an acquittal. The State could appeal only from decisions of the trial court involving questions of law as in

cases arising under pleas in abatement and demurrers to indictments. *Gunter* v. *Seaboard Copper Mining Co.,* 142 Tenn., 14.

This appeal does not involve the question of guilt or innocence but as to whether jurisdiction could be exercised by the chancellor or the Court of Appeals.

■ In support of the insistence that the appeal should have been directed to the Court of Appeals instead of this court, counsel for appellees cite *Graham* v. *Williamson,* 128 Tenn., 720. The appeal it now controlled by chapter 100, Acts of 1925, reorganizing the appellate court system. Under section 10 of that Act it is provided that jurisdiction of the Court of Appeals shall extend to all cases excepting, among others, cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts. The appeal in this case involves only a question of law and under the foregoing provisions the jurisdiction lies in the Supreme Court.

It results that the cause must be remanded to the chancellor for such action as he in his discretion may see proper to take, looking to the reasonable enforcement of the orders and decrees of his court. As to that, this court cannot properly give a direction but must leave the chancellor to the exercise of discretion.