RALPH HYLON PLUMB, Appellee, v. MARY
STEPHANIE PLUMB, Appellant.—372 S. W. (2d) 771.

Western Section.   December 6, 1962.

Certiorari Denied by Supreme Court April 3, 1963.

268

Harry G. Sabine, Crossville, for appellant.

Keyes, Redmond & Swafford, Crossville, for appellee.

CARNEY, J. The defendant below, Mrs. Mary Stephanie Plumb, has appealed from a decree of the County Court of Cumberland County, Tennessee, reducing from $200.00 per month to $165.00 per month the amount of child support which the complainant below, Ralph Hylon Plumb, was ordered to pay for the support of their minor 15-year-old daughter, Beverly Ann Plumb.

By decree dated October 30, 1961, and entered of record on the minutes of the County Court on November 10, 1961, the complainant husband, Ralph Hylon Plumb, was awarded an absolute divorce from the defendant, Mary Stephanie Plumb, on the grounds of cruel and inhuman treatment. The defendant wife was granted the custody and control of their minor child, Beverly Ann Plumb, aged 15. The husband was ordered to pay the sum of $200.00 per month for the support and maintenance of said minor child beginning November 5, 1961. Their son, Ralph Henry Plumb, was in the University of Tennessee and his custody, of course, was not determined in the case.

The defendant wife was granted all the household furniture along with a 1956 Chevrolet station wagon. The husband was ordered to pay the attorney for defendant,

Mr. Sabine, the sum of $100.00 payable $20.00 per month beginning November 15, 1961.

The decree contained the following paragraph:

"This cause is retained in court for any further action which the court may desire to the best interest of the minor child, with the right of either party to apply to the court by a proper petition."

The complainant husband was also taxed with the costs of the divorce proceeding.

The present record does not contain a transcript of the evidence heard before the County Judge on the original divorce proceedings, but the answer of the defendant wife indicates that it was a contested divorce proceeding.

On November 11, 1961, the day after the final divorce decree was entered on the minutes of the County Court the defendant wife filed a petition for attachment for contempt against the husband averring that he had stated that he did not intend to comply with the orders of the court to pay the $200.00 per month support for their minor daughter. The husband was arrested and put in jail. Later he made bond for his appearance in court and was released. The husband is employed as a forester for the Tennessee Department of Conservation. His salary is $470.00 per month. His take-home pay is $383.00 per month.

On December 1, 1961, the husband, Ralph Hylon Plumb, filed his petition to modify the decree entered of record on November 10, 1961. The petition averred that he had paid the first payment of $200.00 child support as required by the decree and $20.00 on the attorney's fee for

the wife; that after the decree was entered he had learned of a number of obligations incurred by his wife and daughter amounting to approximately $200.00 which were unknown to him at the time of the trial; that petitioner had paid $96.50 during the month of October on said bills; that his personal living expenses were going to be more than he had anticipated at the time of the divorce trial and that in addition his son, Ralph H. Plumb, III, who is a first year student at the University of Tennessee was about out of money and would be calling on him for money shortly and that he wanted his son to stay in college if at all possible; that his son had inherited some $900.00 from his grandmother and that the son had spent about all of the $900.00 inheritance.

Petitioner averred that he still had books, tools, clothing and other personal belongings in the defendant's possession and he requested permission of the court to obtain possession of these items of personal property along with an orthopedic mattress, a picnic table which he constructed himself, a bed given him by his deceased mother, his canceled checks and personal papers. Also the petitioner asked the court to amend the former decree so as to award him the 1956 Chevrolet station wagon which was awarded to the defendant in the divorce. The petition also prayed that the court reduce the monthly child support payment of $200.00 to a more reasonable and moderate amount monthly.

The defendant filed a demurrer which averred that all the matters had been adjudicated and taken care of in the divorce case and also specifically answered certain allegations contained in the petition.

The petitioner husband, Ralph Plumb, amended his petition so as to aver that there has been a change in his financial circumstances since the original divorce decree. Further, the amendment averred that the award of personal property to the defendant in the divorce decree was in reality alimony and was void under Section 36-826. The defendant again demurred to the amended petition. The demurrer was overruled by the court. The defendant then answered denying practically all of the charges set out in the original and amended petition.

On January 23, 1962, after a full trial on the petition for modification of the decree and after hearing testimony both from the petitioner and the defendant, the Judge sustained the petition of Mr. Plumb and modified the former decree as follows: (1) He reduced the monthly support and maintenance for the minor daughter, Beverly Ann, from $200.00 to $165.00. (2) The court decreed that the petitioner might have a bed given him by his deceased mother, a picnic table, his college diploma and transcript of college records, canceled checks, personal papers and all personal belongings now at the home of the defendant and the defendant was ordered to deliver the items to the petitioner. (3) The petitioner was ordered to pay to defendant's attorney the sum of $50.00 as compensation for his services in representing the defendant in the hearing regarding the modification. The defendant, Mary Stephanie Plumb, has appealed to this court from the order of the County Judge modifying the former decree and she has assigned twenty-four assignments of error.

Further, the record shows that on April 13, 1962, the defendant Mrs. Plumb sued out a writ of attachment

before the County Judge of Cumberland County averring that the petitioner husband, Ralph Hylon Plumb, was in contempt of court because he had paid three monthly support payments of only $165.00 each whereas the original decree required him to pay $200.00 per month and that in substance the order permitting him to pay only $165.00 per month was void; and she prayed that the writ of attachment issue for the body of Ralph Hylon Plumb to the end that he show cause why he should not be held in contempt and why he should not be instanter placed in the common jail until he complied with the decree by making payment of the alleged default of $35.00 per month for three months. The writ was issued, the defendant made bond, filed answer and there was a hearing before the County Judge on this contempt proceeding.

Before the hearing the defendant Mrs. Mary Stephanie Plumb filed a motion that Judge Mark W. Tucker, the County Judge, disqualify himself to sit in judgment and hear the cause on the grounds that the County Judge was highly prejudiced in favor of the respondent, Ralph Hylon Plumb, and could not adjudicate the issues with fairness, justice; the affiant made oath that she could not get justice in the cause. In addition, her solicitor, Mr. Sabine, filed in the record a written statement under oath that in his opinion Judge Tucker was disqualified to hear the cause saying that when the petition for attachment of date April 13, 1962, was presented to him Judge Tucker accused the affiant of persecuting, prosecuting and ridiculing Mr. Plumb.

Judge Tucker refused to disqualify himself. After a hearing he dismissed the citation for contempt on May 1, 1962. From this order the petitioner, Mrs. Mary Steph-

anie Plumb, also prosecuted an appeal. The record of the hearing before Judge Tucker on the contempt citation is before this court. The petitioner in contempt proceeding, Mrs. Mary Stephanie Plumb, has made two assignments of error: (1) That the Trial Judge erred in dismissing the petition for writ of attachment because the former order was immediately placed in full force and effect upon the granting and perfecting of the appeal from the decree of the County Judge reducing the payment from $200.00 to $165.00 per month; (2) That the court erred in refusing to disqualify himself because of his prejudice in favor of the former husband and against the former wife.

We dispose of the appeal in the contempt proceedings somewhat summarily. First, we observe that there is no right to an appeal from a judgment of acquittal in a contempt case. Schwalb v. Schwalb, 1955, 39 Tenn.App. 306, 282 S. W. (2d) 661, and cases therein cited. Judge Bejach of this court wrote the opinion in the Schwalb case. Secondly, this court is inclined to the same view as that of the County Judge, namely, that the petitioner, Mrs. Stephanie Plumb, was motivated by a desire to embarrass her former husband and to cause him as much trouble as possible. His Honor the Trial Judge seemed anything but prejudiced against Mrs. Plumb when he ordered Mr. Plumb to pay $200.00 per month for the support of their 15-year-old daughter and also awarded to Mrs. Plumb the family automobile and the household goods. The divorce was granted to the husband for her misconduct of cruel and inhuman treatment. Therefore, the appeal from the contempt proceedings is dismissed.

We turn now to the twenty-four assignments of error relating to the decree reducing the amount of monthly child support. From our study of these twenty-four assignments of error they aver the following errors:

(1) That the appellant's demurrer should have been sustained because the petition for modification did not show any change in circumstances since the entry of the former decree which would justify its modification.

(2) That His Honor the Trial Judge erroneously allowed a reduction of $35.00 per month from $200.00 to $165.00 per month for the support of the minor daughter, Beverly Ann Plumb.

(3) That His Honor the Trial Judge was in error in allowing only $50.00 as compensation to the attorney for the appellant for his services in representing her in the petition for modification.

(4) That the court erred in refusing to permit Mrs. Plumb, while on the witness stand, to testify that there had been no change in her former husband's circumstances since the entry of the first decree dated October 30, 1961. The Trial Judge refused to permit her to answer this question on the theory that she did not know and could not know about any change in her husband's financial circumstances.

It is the insistence of the solicitor for the appellee, Mr. Plumb, that the Trial Court had authority to modify the decree of date October 31, 1961, regardless of whether or not there had been any change in the husband's financial circumstances because the petition for modification was filed within thirty days. The divorce decree was entered upon the minutes on November 10, 1961.

The County Court of Cumberland County, Tennessee, is given jurisdiction in divorce cases under and by virtue of Chapter 397 of the Private Acts of 1943 and we copy from said Act as follows:

"Sec. 8½. Be it further enacted, That the said County Judge holding said County Court shall have concurrent jurisdiction with Criminal, Circuit and Chancery Judges of this State to grant writs of attachment, injunction, certiorari, supersedeas, and to hear and determine divorce cases, and all other extraordinary writs that the Criminal, Circuit and Chancery Judges of the State are authorized and empowered under the law to grant and such writs shall have the same force and effect as if granted by the Criminal, Circuit and Chancellors of the State."

Under T.C.A. Section 16-706 the terms of the County Court for several counties begin on the first Monday of each month.

Section 27-201 provides as follows:

"27-201. Motion for rehearing or new trial.—A rehearing or motion for new trial can only be applied for within thirty (30) days from the decree, verdict or judgment sought to be affected, subject, however, to the rules of court prescribing the length of time in which the application is to be made, but such rules in no case shall allow less than ten (10) days for such application. The expiration of a term of court during said period shall not shorten the time allowed. (Code 1858, sec. 3119; Shan., sec 4847; Code 1932, sec. 8980; mod. C. Supp. 1950, sec. 8980.)"

■ The petition for modification was filed December 1, 1961. This was within the thirty-day period from the entry of the decree. We also take judicial notice that it was on the first Friday in December and still within the November, 1961, term of the County Court of Cumberland County. The December, 1961, term did not begin until Monday, December 4, 1961.

In Speer v. Pierce, 1934, 18 Tenn. App. 351, 77 S. W. (2d) 77, it was held that a motion for new trial in a Chancery Court case tried without a jury would be considered as a petition to rehear and that the filing of such motion suspended all proceedings on the decree until the petition or motion was disposed of, even though no entry was made on the minutes showing the filing of such motion or petition.

■ The petition for modification recited that the decree of November 10, 1961, had become final. This was only the conclusion of the pleader and did not operate to make the decree final. Regardless of name, we hold that the County Judge, sitting as Chancellor, had authority to consider the petition for modification as a petition to rehear and to correct or modify his former decree.

The Trial Judge upon the hearing on the petition to modify the decree found as a fact that there had been a substantial change in the financial condition of the petitioner and predicated this modification of the decree on said ground and under the authority of T.C.A. Section 36-828 which we quote as follows:

"36-828. Decree for custody and support of child.—In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor

children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit, or to some suitable person, as the welfare and interest of the child or children may demand, and the court may decree that suitable support be made by the father. Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require. (Code 1932, sec. 8454.) ''

After demurrer was filed the husband did amend his petition so as to recite that there had been a change in his financial condition.

So we hold that Judge Tucker properly overruled the demurrer whether the petition be considered a petition to rehear or a petition to modify a decree which has become final. He had authority to hear additional evidence on the petition within his discretion.

Turning now to the merits of the order of modification of the former decree we are of opinion that His Honor quite properly modified the decree. We think the award of $200.00 per month for the support of a 15-year-old daughter by a father whose only income was $383.00 per month take-home pay was too high. The action of the Trial Judge in reducing it to $165.00 is affirmed.

Nor do we see any merit in the assignment of error complaining that His Honor allowed only $50.00 to the solicitor for his services in connection with the petition for modification. The Judge had allowed her solicitor a fee of $100.00 in the former decree. She was

unsuccessful in the suit and the allowance of $50.00 for her solicitor on the petition for modification does not appear to us to be unreasonable under the circumstances. Unless the petition is considered a petition to rehear, it is doubtful whether Mr. Plumb would be liable for any further attorney's fees to Mrs. Plumb's lawyer. The assignments of error relating thereto are respectfully overruled.

■■■ If we assume that His Honor the Trial Judge was in error in not permitting the appellant to answer the question as to whether or not there had been any change in the petitioner's financial conditions since the entering of the former decree, we fail to see how such error could possibly constitute reversible error or could have affected the outcome of the trial in any manner. Therefore, the assignments of error relating thereto are respectfully overruled. T.C.A. Section 27-117.

Assignment of error 5 through 23 all relate to various portions of the demurrer which the appellant contends should have been sustained. Since we have held that His Honor had full authority to modify the former decree in any manner he saw fit and that the demurrer quite properly was overruled, we find it unnecessary to discuss these seriatim. Each of these assignments of error relate to different portions of the demurrer and insist that they were res judicata by the former decree. We have held that they were not res judicata.

The judgment of the lower court will be affirmed. The cost of this appeal will be taxed against the appellant.

Avery, (P.J., W.S.), and Bejach J., concur.