Theresa JOHNSON

v.

C. C. JOHNSON.

Court of Appeals of Tennessee, Eastern Section.

July 18, 1973.

Certiorari Denied by Supreme Court Oct. 1, 1973.

Clinton R. Anderson, Anderson & Anderson, Morristown, for appellant.

James O. Phillips III, Phillips & Hale, Rogersville, for appellee.

## OPINION

SANDERS, Judge.

The Plaintiff has appealed from a decree reducing the amount of her monthly alimony.

The Plaintiff, Theresa Johnson, was granted a divorce from the Defendant, C. C. Johnson, in 1964. In granting the divorce, the Court ordered the Defendant to pay the Plaintiff, as alimony, the sum of $450.00 per month. A part of the original decree, as here pertinent, is as follows: "The Court further finds that complainant has been a good and dutiful wife to the defendant, has contributed to the accumulation of his estate, and that by reason of injuries sustained in an automobile accident several years ago complainant is unemployable and therefore wholly dependent for support on the small estate which she owns in her own name and the alimony which she is entitled to receive from defendant, and which defendant, in his testimony, has fully recognized.

"From said testimony, and from the pattern of support which defendant himself has established, the Court finds that complainant should be awarded the residence property at 434 West Main Street in Rogersville, previously owned by the parties as tenants by the entireties, and that defendant should be directed to pay the balance of the mortgage indebtedness on same, held by Citizens Union Bank in Rogersville, in the approximate amount of $12,000.00, . . . ."

Since the entry of the original decree the Defendant has consistently neglected and refused to perform his obligations under the decree. His constant failure to pay his alimony, coupled with the Plaintiff's physical incapacity to work, has reduced the position of the Plaintiff to abstract poverty and she is now destitute.

Although there have been a number of proceedings in the trial court by the Plaintiff seeking to have the court enforce its decree and hold the Defendant in contempt, she has met with no success.

On the contrary, the Defendant has been rewarded for his reprehensible conduct. On one occasion the monthly alimony payments were reduced from $450.00 per month to $300.00 per month and in the

proceeding now before us the court reduced the alimony to $200.00 per month.

In Plaintiff's last attempt to get the trial court to hold the Defendant in contempt, she appealed from the decree of the trial court to this court but, since no appeal lies from an acquittal for contempt, this court was without authority to grant the Plaintiff relief. Plumb v. Plumb, 52 Tenn.App. 267, 372 S.W.2d 771.

The hearing in that proceeding was in September, 1970, and the proof in this record shows that the Defendant has paid the Plaintiff nothing since that time.

The Plaintiff filed her petition in this proceeding in the Chancery Court of Hawkins County alleging that the Defendant is in arrears in his alimony payments of more than $15,000.00 and seeking to have the Defendant held in contempt for willful violation of the Court's decree.

The case was heard by The Honorable Roger E. Thayer, who was appointed by the Chief Justice to serve as special judge.

The proof shows that, although the Defendant is a regularly-practicing physician in the City of Rogersville, he has paid the Plaintiff nothing since August, 1969. He paid $300.00 in January, 1969, and $300.00 in August, for a total of $600.00 for the entire year, and he has made no payments on the mortgage on the home since the divorce was granted in 1964.

The proof shows that the Plaintiff has absolutely no money and no means of support; that she hasn't been able to live in her home for the past eight months for lack of funds and has been forced to live with relatives. The Plaintiff literally is destitute. She has been forced to use what little money she had when the divorce was granted to keep up the payments on the mortgage on the home. At the time of the hearing on this petition the bank was withholding foreclosure on the residence until a determination was made in this proceeding.

The Defendant endeavors to justify his flagrant violation of the decree of the Court on the grounds that he has been in ill health and hasn't been able to work so regularly as he did prior to the divorce.

The proof shows that the Defendant has had some problems with his health and there has been some curtailment in the number of hours he works each day. However, it is the opinion of this court that a period of recuperation in the county jail would make it easier for him to find funds with which to meet his obligations under the decree of the Court.

Defendant also contends that he has remarried since his divorce and that his present wife has been ill and incurred considerable medical and hospital expenses, that he has borrowed money and was required to make substantial payments on indebtedness.

The proof shows that in 1970 the Defendant had a gross income in excess of $23,000.00 and in 1971 in excess of $16,000.00.

In spite of the Defendant's plea of poverty, the record shows that in 1970 and 1971 the Defendant made charitable contributions in excess of $3,300.00. Although philanthropy is to be commended, the adage that charity should begin at home is apropos in the case at bar.

At the conclusion of the proof the Court found that the Defendant had not been able to pay the $300.00 per month since the hearing in September, 1970, but was able to pay half of it, which was $3,450.00. The Court also found that the alimony should be reduced from $300.00 per month to $200.00 per month. But the Court made no findings concerning the Defendant's failure to make the payments on the mortgage on the residence.

A decree was entered ordering the Defendant to pay $250.00 by September 11, 1972, and the sum of $3,200.00 by November 28, 1972, and providing that if the Defend-

ant made these payments he would purge himself of contempt.

The decree further provides that, beginning November 28, 1972, the Defendant shall pay the Plaintiff $200.00 per month as alimony and a judgment was rendered in favor of the Plaintiff for $6,900.00.

The Court pronounced its decree on August 28, 1972, and, since the judgment covered only payments which were in arrears at that time and the payment of $200.00 per month was not to begin until November 28, this resulted in suspending all alimony payments for three months.

Plaintiff has appealed to this court and assigned error.

Plaintiff's assignments of error are as follows:

"I. The Court erred in failing to consider and include, in the amount of arrearages due to the Plaintiff, the amount of the mortgage owing on the house and lot awarded to the Plaintiff.

"II. The Court erred in the amount in which it found the Defendant wilfully in arrears, and the preponderance of evidence is otherwise.

"III. The Court abused its discretion in granting the Defendant a reduction in payments, and a suspension of payments.

"IV. The Court erred in finding the Defendant in contempt, yet not punishing him for that contempt."

We think the assignments of error are well taken.

On this appeal, under T.C.A. § 27–303, the hearing on any issue of law or fact is *de novo*, accompanied by a presumption of the correctness of the judgment of the Trial Court unless the preponderance of evidence is otherwise.

Where a decree has been entered ordering payment of a given amount as alimony and the party has failed to pay, as in the case at bar, it is incumbent upon the husband to establish his inability to pay.

Also, inability to pay by reason of obligations incurred as a result of remarriage is no defense to a contempt proceeding for failure to pay alimony to a former wife. Bradshaw v. Bradshaw, 23 Tenn.App. 359, 133 S.W.2d 617.

The Defendant did not offer any proof as to his income for the year 1969 when he paid only $600.00, nor did he offer any proof as to his income for the first eight months of 1972 preceding this hearing. On the other hand, the Plaintiff was without sufficient money to buy food. The excuse of the Defendant for paying absolutely nothing since September, 1970, constitutes only an alibi.

We find that the proof fails to establish that the Defendant was able to pay only one-half of the alimony which accrued from September, 1970, to the time of the hearing. We find that the Defendant was able to pay the entire $6,900.00 and that his failure was deliberate and willful. We find that the equities do not justify the reduction of the alimony from $300.00 per month to $200.00 per month. We further find that the Defendant should be required to pay such additional amount each month as will keep the mortgage payments current on the residence of the Plaintiff.

The fact that the Trial Court found the Defendant would purge himself of contempt by paying the $3,450.00 which the Court found he had willfully failed to pay shall not be a bar to the Court's finding the Defendant in contempt for failure to pay the additional $3,450.00.

The conduct of the Defendant in paying nothing since he was cited for contempt in 1970 amplifies the necessity of the Trial Court's dealing firmly with this contemptuous conduct.

"The power to punish for contempt is one of the highest prerogatives of a

Court of Justice; and, upon its bold and prudent exercise, depend the respect, the dignity, and efficiency of Courts as arbiters of human rights. The mandates of a Court of Chancery must in all cases be obeyed, according to the spirit of the decree, promptly, faithfully and without question or evasion. The party, upon whom the order or command of the Court operates, is not allowed to speculate upon the Equity of the bill, or the legality or regularity of the order, or decree, or of the writ issued thereon; but his simple duty is to obey; and when he disobeys it is a duty the Court owes, to itself and to the public, to punish him at once." Gibson's Suits in Chancery, 4th Ed., page 743, Chapt. XLV, Sec. 918.

The assignments of error are sustained.

The extent to which the decree of the Trial Court is not modified, it is affirmed.

The case is remanded generally and for the entry of a decree in keeping with this opinion.

The cost of this appeal is taxed to the Defendant.

COOPER, P. J., and PARROTT, J., concur.