William S. ZWICK, Appellant,

v.

Howell JONES, d/b/a Howell Jones Rentals et al., Appellees.

Court of Appeals of Tennessee, Eastern Section.

May 25, 1979.

Certiorari Denied by Supreme Court Sept. 17, 1979.

---

Larry C. Vaughan, Knoxville, for appellant.

Robert M. Child, with Child, O'Connor, Ellis & Petty and Earl S. Ailor, with Asquith, Ailor & Jones, Knoxville, for appellees.

OPINION

SANDERS, Judge.

The Plaintiff has appealed from a judgment in favor of the Defendants on a petition to hold them in contempt. The Plaintiff-Appellant, William S. Zwick, filed a petition in the Circuit Court against the Defendants-Appellees, Howell Jones and his attorney, Earl Ailor, seeking to hold them in contempt of that court.

Prior to August 27, 1976, the Plaintiff filed suit in the Chancery Court against the Defendant, Howell Jones, for unliquidated damages. At the same time he attached a 1966 model Great Dane trailer belonging to the Defendant. The trailer was stored with Southern Avenue Wrecker Service. On August 27, 1976, the Chancellor dismissed the suit on the grounds the Chancery Court did not have jurisdiction of a claim for unliquidated damages. At the same time the Chancellor ordered the attachment released on the trailer. The trailer remained in storage until November 4, when it was released to the Defendant, Jones.

On September 13, 1976, after the case had been dismissed in the Chancery Court, but before the trailer was released, the Plaintiff filed his suit against Defendant Jones in the Circuit Court. On September 14 a new attachment was issued from the Circuit Court for the same trailer. The Plaintiff subsequently secured a judgment against the Defendant, Jones, after which he learned the trailer had been released. It is the insistence of the Plaintiff the Defendants knew of the existence of the attachment issued on September 14 at the time they procured the release of the trailer on November 4 and for this reason they should be held in contempt.

The Defendants both denied they had any knowledge of the September 14 attachment at the time the trailer was released.

The case was heard by Judge Roy A. Miles, who was sitting by special designation. He found the issues in favor of the Defendants and dismissed the petition. The Plaintiff has appealed and assigned the action of the Court as error.

The proof shows the Defendant, Jones, was a resident of the State of Georgia. The Plaintiff attempted to get service of process in the last case on him through the Secretary of State. The letter sending a copy of the summons, etc., from the Secretary of State was returned marked "refused". Defendant Jones denied the slip which was signed when the letter was refused was signed by him. His testimony was that he did not know of the second lawsuit until January, 1977, when he received a copy of a default judgment in the mail. There is no proof in the record to refute this testimony.

Mr. Ailor also testified he had no knowledge of the attachment in connection with the second case until January, 1977, when the Defendant, Jones, contacted him concerning the default judgment.

The proof does show that about the time the second suit was filed the attorney for the Plaintiff called Mr. Ailor and asked him if he could accept service of process for the Defendant, Jones. Mr. Ailor told him he could not. There is no showing the attorney for the Plaintiff mentioned an attachment of the trailer at the time he called Mr. Ailor.

█ We concur with the finding of the Trial Judge that there is no proof to establish either of the Defendants had any knowledge of the second attachment at the time the trailer was released.

█ There is also another reason why the judgment of the Trial Court must be af-

firmed. In this jurisdiction there is no right to appeal from an acquittal in a contempt case. *Plumb v. Plumb,* 52 Tenn.App. 267, 372 S.W.2d 771; *Schwalb v. Schwalb,* 39 Tenn.App. 306, 282 S.W.2d 661; *Collier v. City of Memphis,* 160 Tenn. 500, 26 S.W.2d 152; *Gunter v. Seaboard Copper Mining Co.,* 142 Tenn. 14, 215 S.W. 273.

The assignments of error are overruled. The judgment of the Trial Court is affirmed and the cost of this appeal is taxed to the Plaintiff.

The Appellees, in their brief, ask the court to hold this appeal to be frivolous under T.C.A. § 27–124.

Since there is no factual evidence contrary to the Trial Court's holding and since, as a matter of law, the Appellant has no right to appeal, we think the Appellees are entitled to such relief.

The case is, accordingly, remanded for the Trial Court to fix damages in accordance with the statute.

PARROTT, P. J., (E.S.), and FRANKS, J., concur.