IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 2000 Session

## MITCHELL LYNN ROBERTS v. BEVERLY JEAN ROBERTS

**Appeal from the Chancery Court for Cheatham County**
**No. 5685      Allen W. Wallace, Judge**

_____

**No. M2000-00216-COA-R3-CV - Filed October 5, 2000**

_____

This is an appeal from the trial court's modification of an order of visitation increasing the appellee's amount of summer visitation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

Markley Runyon Gill, Erin, Tennessee, for the appellant, Mitchell Lynn Roberts.

J.L. Thompson, III, Nashville, Tennessee, for the appellee, Beverly Jean Roberts.

**OPINION**

The parties were divorced several years ago and the appellant received custody of the parties' minor children. At the time of the custody hearing at issue, only one of the parties' children was still a minor. The record indicates that the appellee was absent from the child's life for a period of several years but resumed visitation with the child in 1995.

After the appellee received visitation with her son, the parties began experiencing difficulties with the implementation of such visitation. The appellee is a Seventh Day Adventist and believes that the Sabbath begins at sundown on Friday and continues through sundown on Saturday. During this time, no secular activities are permitted. However, the appellant had signed the child up for several sporting activities. These sporting activities took place during many, if not all, of the appellee's scheduled visitation weekends. These activities also occurred on Saturday conflicting with the appellee's religious beliefs.

In 1998, a custody hearing was held and the trial court ordered that the appellee was "not to interfere with the minor child's extracurricular activities" and she was given the option to decline

her visitation "[i]f [she felt] unable to take the child to his activities during visitation because of her religious beliefs." The present action arose when in April of 1998, the appellee filed a petition alleging that she had been denied her constitutional right to exercise religious freedom under the federal and state constitutions. The appellee further alleged that she had been denied standard visitation privileges with her son.

At the hearing, the evidence established that on several occasions the appellee was late delivering the child to various sporting activities and that on several other occasions she never delivered the child to the scheduled event. The evidence further established that on many of the Saturdays that the appellee did deliver the child for the scheduled event, the appellant did not return the child to the appellee until Sunday morning rather than Saturday afternoon when the games were finished. There was also testimony indicating that the appellee had slapped and spanked the child and had pulled the child's hair.

At the end of the hearing, the trial court ordered that the appellant notify the appellee concerning the exact schedules of the football and baseball games and that the appellee deliver the child to the appellant's home one hour prior to such games. The trial court further ordered that the appellee make sure that the child is able to participate in all football and baseball picnics and award presentations if they occurred during her visitation weekend. The trial court instructed the appellant to return the child to the appellee immediately after the activities on her visitation weekend. The trial court then awarded the appellee five weeks of summer visitation rather than the previous order allowing only two weeks. The appellee was also ordered not to "whip, spank, slap" or in any way physically punish the child. The appellant now appeals.

We first note that the scope of review in a custody case is de novo upon the record with a presumption of correctness unless the evidence preponderates otherwise. *Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984). This Court must give great weight to the factual determinations of the trial judge who both heard and observed the witnesses. *Massengale v. Massengale,* 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995); s*ee Gotwald v. Gotwald*, 768 S.W.2d 689, 695-97 (Tenn. Ct. App. 1988). Accordingly, we will not disturb custody decisions unless they are based on a material error of law or the evidence preponderates against them. *See Hass*, 676 S.W.2d at 555; *Gaskill v. Gaskill*, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996).

In a custody proceeding, the child's best interests are the paramount consideration. *Musselman v. Acuff*, 826 S.W.2d 920, 922 (Tenn. Ct. App. 1991). Custody and visitation decisions are not intended either to reward or to punish parents. *See Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997); *Wall v. Wall*, 907 S.W.2d 829, 834 (Tenn. Ct. App. 1995). In a modification proceeding, the trial court may alter visitation or custody decisions where there are material changes in the child's circumstances compelling enough to warrant a change. *Solima v. Solima*, 7 S.W.3d 30, 32 (Tenn. Ct. App. 1998). In fact, the legislature has decreed that custody decrees are "subject to such changes or modification as the exigencies of the case may require." Tenn. Code Ann. § 36-6-101(a)(1) (Supp. 1999). This Court has previously held that courts will alter a custody arrangement where the party seeking the change proves (1) that the child's

circumstances have materially changed in a way that could not have been reasonably foreseen at the time of the original custody decision and (2) that the child's best interests will be served by changing the existing custody arrangement. *Adelsperger*, 970 S.W.2d at 485.

There are no bright line rules for determining when a change in a child's circumstances will be deemed material enough to warrant a change in the custody or visitation arrangement. *See Taylor v. Taylor*, 849 S.W.2d 319, 327 (Tenn. 1993); *Dantzler v. Dantzler*, 665 S.W.2d 385, 387 (Tenn. Ct. App. 1983). However, the party seeking the change must prove that "some new fact has occurred which has altered the circumstances in a material way so that the welfare of the child requires a change of custody." *Griffin v. Stone*, 834 S.W.2d 300, 302 (Tenn. Ct. App. 1992). The change of circumstances must be such that "continuation of the adjudicated custody will substantially harm the child." *Wall*, 907 S.W.2d at 834. If the requested modification is based on the custodial parent's behavior, such behavior must clearly posit or cause danger to the mental or emotional well-being of the child. *See Musselman*, 826 S.W.2d at 924. The paramount concern is the welfare and best interest of the child. *In re Parsons*, 914 S.W.2d 889, 893 (Tenn. Ct. App. 1995).

We first note that we agree with the appellant's contention that the appellee's religious beliefs do not constitute a change of circumstances and, therefore, could not be grounds for a change in custody or visitation.[1] However, the record establishes that the appellant did not comply with the visitation order when he failed to return the child to the appellee after scheduled sporting activities that occurred during the appellee's visitation weekends. The record further establishes that the child is now in therapy. We find that the appellant's noncompliance with the visitation order and the adverse affects of the entire situation on the child are sufficient to constitute a material change in the child's circumstances. The original custody order and the way the parties implemented such order did not work out for the child's best interests. As such, it was within the trial court's discretion to modify the visitation order.

The appellant further contends that the trial court erred in failing to grant his motion to dismiss at the close of the appellee's proof. The appellant bases this argument on the assertion that the appellant's petition for modification failed to recite or allege any change of circumstances warranting a change in the visitation order. However, the petition recited the appellant's failure to comply with the trial court's visitation order granting her two weeks of visitation in the summer. As we have found that the appellant's failure to comply with the visitation order was sufficient to constitute a change in circumstances, this issue is without merit.

The appellant further contends that the trial court erred in failing to find the appellee in contempt of the visitation order in that she failed, on several occasions, to deliver the child to scheduled sporting events on time or at all. In response, the appellee points to the appellant's failure to return the child after scheduled events during her weekend visitation. However, this Court has previously held that an appeal does not lie from an acquittal for criminal contempt. *Zwick v. Jones*,

---

[1] We note that religious beliefs could constitute a material change of circumstances where such beliefs constituted a danger to the emotional or physical well-being of the child. Such is not the case in the present appeal.

589 S.W.2d 664, 666 (Tenn. Ct. App. 1979); *Plumb v. Plumb*, 372 S.W.2d 771, 774 (Tenn. Ct. App. 1962). Therefore, this issue lacks merit.

The appellant further contends that the trial court erred in failing to find that the child's visitation with the appellee was causing the child substantial harm. The appellant bases this argument on testimony indicating that the appellee had forced the child to take baths in front of her and to sleep in the same bed with her during her visitation. The appellant also points to evidence that the appellee had slapped the child's face and pulled his hair. There were also two incidents in which the child returned from visitation with the appellee with a sunburn. The appellant further cited a situation where the appellee left the child in front of the appellant's home alone for a few minutes. In regard to this issue, the trial court specifically stated that the sunburns were "not a big thing" and that there is "nothing wrong with a nine-year-old boy being taken home and left for a few minutes." The trial court did not find the appellee's discipline of the child to be substantially harmful but did order her, as the noncustodial parent, to refrain from "physical whippings or spankings or slappings, anything like that." The evidence does not preponderate against the trial court's findings. This issue is without merit.

The judgment of the trial court is affirmed and the cause remanded to the Chancery Court for Cheatham County for any further proceedings necessary. Tax the costs on appeal to the appellant, Mitchell Lynn Roberts.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.