IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 7, 1999 Session

## CATHY ANITA HARRIS ANDERTON v. GERALD DWAYNE ANDERTON

Appeal from the Chancery Court for Rutherford County
No. 96DR-1200      Don R. Ash, Judge

No. M1998-00950-COA-R3-CV - Filed February 25, 2003

The trial court awarded rehabilitative alimony to wife who, in her complaint, did not seek alimony but who testified at discovery that she was indigent and needed financial assistance. Husband argues that absent a pleaded request for alimony, the trial court was powerless to award it. The trial court disagreed. We affirm. Husband's petition alleging that wife was in criminal contempt for failing to allow visitation with the child of the parties was dismissed, and husband appeals. An acquittal of criminal contempt cannot be appealed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR.,J., WILLIAM B. CAIN, J., AND PATRICIA J. COTTRELL, J.

Stephen W. Pate, Murfreesboro, Tennessee, for the appellant, Gerald Dwayne Anderton.

Daryl M. South, Murfreesboro, Tennessee, for the appellee, Cathy Anita Harris Anderton.

### MEMORANDUM OPINION[1]

### I.

These parties were married in 1984. A son, Eric, was born in 1988. The marriage was not a success, and wife filed suit in 1997, seeking a divorce, custody, child support and a division of

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

marital assets. She demanded general relief, but did not specifically seek alimony.[2] She was awarded all the relief specifically sought.

A local court rule requires the parties in a domestic relations case to file a statement of the contested issues. Each of these parties complied with the local rule; wife's statement fairly indicated that she would seek alimony.

In course the wife's discovery deposition was taken during which she acknowledged that she was aware that she had not demanded alimony, although she was in need of support and intended to amend her complaint to seek alimony. For reasons not reflected in the record the plaintiff did not amend her complaint, and upon the trial merely testified to her need for alimony in some amount. Need and the ability to pay are critical factors to be considered in an award of alimony. ***Loyd v. Loyd***, 860 S.W.2d 409 (Tenn. Ct. App. 1993). The award is within the sound discretion of the trial judge. ***Houghland v. Houghland***, 844 S.W.2d 619 (Tenn. Ct. App. 1992).

She was awarded rehabilitative alimony of $200.00 monthly for three years over the objection of husband, who protested that she had not specifically demanded alimony. This is the basis for the primary issue on appeal. Our review is *de novo* on the record. Since the issue is one of law, there is no presumption of correctness. ***Vooys v. Turner***, 49 S.W.3d 318 (Tenn. Ct. App. 2001).

## II.

Rule 54.03 of the Rules of Civil Procedure provides:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings; but the court shall not give the successful party relief, though such party may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.

Husband relies upon ***Qualls v. Qualls***, 589 S.W.2d 906 (Tenn. 1979) as authority for his argument that alimony cannot be awarded unless the party to whom alimony is awarded has specifically demanded it. We do not agree. ***Qualls*** is applicable only in cases wherein a default judgment was entered. In the case at Bar, the resolving issue is whether the propriety of an award of alimony was litigated and whether husband was afforded an opportunity to defend against the award.[3]

---

[2] The complaint, drafted by wife's first counsel, is not a model one. It alleges that the "*plaintiff* has physically abused the plaintiff"; that the "*plaintiff* has physically and sexually assaulted the minor child"; that the "*plaintiff* is abusing drugs and alcohol." The complaint was never amended to correct the obvious errors.

[3] Husband does not question the *need* of wife to alimony, nor his ability to pay the award, although in his statement filed pursuant to the local rule the numbers indicated that his living expenses precluded alimony.

We think that husband had adequate notice that alimony would be a contested issue upon the trial. He was aware of the poverty of wife; he was aware of her compliance with the local rule which indicated her need for support; he was aware of her testimony eighteen months before trial that she would request alimony. It cannot be argued that husband was not afforded an opportunity to defend; the record fairly reflects that he simply availed himself of the opportunity afforded by inattentive counsel. This Court has consistently held that as a matter of justice a deserving spouse must be provided support if that issue, though not pleaded, was litigated upon adequate notice.[4] The award of alimony is affirmed.

## III.

The second of two issues which husband presents for review is directed to the dismissal of his contempt petition filed against wife for her purported failure to comply with the trial court's interim visitation order.

Preceding trial of the case, the trial judge awarded wife temporary custody of the minor child. Husband was awarded visitation privileges each Sunday. On the first designated Sunday, Eric was made available at the Sheriffs Office by his mother. When husband arrived, Eric became emotionally upset[5] and refused to go with his father. Witnesses testified that Eric violently resisted attempts to persuade him to visit his father, to the point of injuring himself. The mother thereafter did not take Eric to the scheduled place for visitation, thereby triggering the petition for criminal contempt. The trial judge dismissed the petition, finding that wife's actions were not malicious, and that she did not intentionally disobey the court's order of visitation.

Husband argues that the trial judge erred in dismissing his petition for contempt. We cannot reach this argument, because in this jurisdiction there is no right of appeal from an acquittal in a criminal contempt case. *Gunter v. Seaboard Copper Mining Co.*, 142 Tenn. 14, 215 S.W. 273 (Tenn. 1919); *Archer v. Archer*, 907 S.W.2d 412 (Tenn. Ct. App. 1995); *Zwick v. Jones*, 589 S.W.2d 664 (Tenn. Ct. App. 1979).

The judgment is affirmed at the costs of the appellant.

PER CURIAM

---

[4] *See, **Bulla v. Bulla**,* No. 01A-01-9004-CV-00133, 1990 WL 160291; ***Moore v. Moore***, No. 87-92-II, 1988 WL 63498.

[5] Eric's problems, exacerbated by his parents unpleasantnesses to each other, required professional attention.