Joe L. DAVENPORT, Appellant,

v.

JAILER, CITY OF MEMPHIS, Appellee.

Court of Appeals of Tennessee, Western Section.

June 29, 1978.

Certiorari Denied by Supreme Court Oct. 10, 1978.

Brett B. Stein, Memphis, for appellant.

Ike R. Clinton, Donna M. Fields, Memphis, for appellee.

NEARN, Judge.

This is an appeal from the order of the Circuit Court denying a petition for writ of habeas corpus.

Davenport was incarcerated by the Juvenile Court of Shelby County for contempt of court for the willful failure to pay child support. The order of contempt fixed Davenport's confinement in the Shelby County jail until such time as he paid $500 in child support.

The petition for writ of habeas corpus, *inter alia*, charged that in the Juvenile Court Davenport's

" . . . Sixth (6th) Amendment rights under the Constitution were violated as follows:

"(a) That at the time aforesaid, the petitioner did not have counsel representing him nor was he advised of his right to counsel.

"(b) That the Court never explained to him his right to counsel nor did he waive said right.

"(c) That the petitioner was denied compulsory process and the right of cross-examination and confrontation at all critical stages of a criminal proceeding."

The Circuit Court heard proof including the testimony of Davenport and the Court was of the opinion that Davenport

" . . . was not entitled to appointed counsel at the contempt hearing before Juvenile Court on November 21, 1977 as such hearing was in the nature of civil contempt.

"That the Petitioners Sixth (6th) Amendment rights to counsel at such hearings do not, therefore, apply. Accordingly, the allegations as to petitioner's right of being deprived of counsel in violation of his Sixth (6th) Amendment rights are, therefore, overruled."

There is no Bill of Exceptions. We have only the technical record before us by which to consider the single Assignment of Error that:

I

"The trial court erred in holding as a matter of law that an accused is not entitled to all the Sixth Amendment guarantees as in a criminal trial on the grounds that a Juvenile Court contempt proceeding is '*civil*' in nature."

■ Were it not for the Circuit Judge's written findings that Davenport was not entitled to Sixth Amendment rights, we would have dismissed this appeal because a Bill of Exceptions would have been necessary to ascertain whether or not such rights were granted or denied. However, because of that finding by the Circuit Judge, we will consider the case as one in which Sixth Amendment rights were not granted. Actually, we are on shaky procedural grounds in making that assumption. But, since it is a matter of habeas corpus, we will seek to give the appellant's Assignment of Error consideration.

■ Counsel for Davenport strongly relies upon the case of *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) as one being directly on point and controlling. We conclude it is neither.

In the *Argersinger* case, supra, which was a criminal matter, the defendant was charged with the offense of carrying a concealed weapon, which carried as punishment a fine up to $1,000 and imprisonment of up to six months, or both. Argersinger was not represented by counsel. The issue was whether he had waived his Sixth Amendment rights. The Court held:

" . . . that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

That holding has no application to this case, This is a matter in the nature of civil contempt. We do not play with semantics by creating, *ipse dixit*, an arbitrary distinction between the words "civil" and "criminal". There is a real and practical distinction between the two. In *Argersinger*, supra, the defendant did not carry around the keys to the jailhouse in his pocket. He was not free to leave whenever he might choose.

In this case, Davenport remained incarcerated of his own volition. He did have the keys to the jailhouse in his possession and was free to leave whenever he desired. We say this because we have a finding unassailed on appeal that Davenport, when incarcerated, had the then present ability to comply with the Juvenile Court's order by paying the child support in which he was in arrears. If Davenport felt aggrieved by the Juvenile Court's order, he had but to comply with it, as the record shows he was able to do, and appeal. If the Juvenile Court had been in error, the matter could have been corrected on appeal by an order of return of his money. Instead, he chose the accommodations of the jail.

It is the failure to comply with the orders of the Court when the ability to comply is or was within the power of the defendant that constitutes the offense. If incarceration results to compel the defendant to do what he is able to do and is required by law to do, the offense and incarceration is civil in nature, not criminal. (We need not now consider the instance where a defendant is ordered to jail for a specific number of days as punishment for failure to do what was previously ordered done.) In reality in such situations as this, it is a test of wills. If any order is to survive in the judicial system and for the general good of all, wherever there is afforded an adequate remedy to the citizenry by appeal, without the necessity of incarceration, the will of the Trial Court will prevail until overturned by the appellate process. However, should a citizen, with the means in his hand to be free, choose to remain incarcerated during the appellate process, having faith in his ultimate vindication, we suppose such is his right, but we cannot hold that constitutional rights, which exist to protect the citizen from government, have been violated when government does not detain that citizen. He has detained himself in the custody of government.

In short, we hold that in matters of civil contempt as this, the alleged contemnor is not entitled to all the constitutional guarantees as in a criminal trial.

The Assignment of Error is overruled and the judgment below affirmed.

Costs of appeal are adjudged against the appellant.

Done at Jackson in the two hundred and second year of our Independence and in the one hundred and eighty-third year of our Statehood.

MATHERNE and SUMMERS, JJ., concur.