SARA EVELYN EVANS YOUNG,     )
                             )
        Petitioner/Appellant, )
                             )        Appeal No.
                             )        01-A-01-9609-CV-00415
VS.                          )
                             )        Davidson Circuit
                             )        No. 90D-936
BOBBY HUGH YOUNG,            )
                             )
        Respondent/Appellee.  )

FILED

March 12, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MURIEL ROBINSON, JUDGE

IRWIN VENICK
DOBBINS & VENICK
2100 West End Avenue, Suite 850
Nashville, Tennessee 37203
        Attorney for Plaintiff/Appellant

JACK NORMAN, JR.
213 Third Avenue, North
Nashville, Tennessee 37201
        Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# OPINION

The Circuit Court of Davidson County refused to hold Bobby Hugh Young in civil contempt for failing to perform certain parts of a divorce decree. We must decide if the dismissal of a civil contempt petition is appealable, and if so, did the trial judge err in refusing to find the respondent in contempt. We hold that the refusal to impose civil contempt sanctions is appealable, but we affirm the trial judge's decision not to hold Mr. Young in civil contempt.

## I.

A January 10, 1992 divorce decree awarded Sara Evelyn Evans Young a divorce from Bobby Hugh Young and ordered Mr. Young to pay to her $200,000 in four annual installments, as well as monthly alimony payments, one-half of the proceeds from the sale of a piece of equipment formerly used in Mr. Young's business, and $35,000 in attorney's fees. For the sake of clarity, we will henceforth in this opinion refer to Mr. Young's former wife as Mrs. Young, even though we are aware that the divorce decree restored the use of her former name to her.

Mrs. Young subsequently filed a series of petitions praying that Mr. Young be held in civil and criminal contempt for violating the cited provisions of the final decree. At a hearing in 1994, the trial judge required Mrs. Young to elect whether she was proceeding on civil or criminal charges. Mrs. Young chose to proceed on the basis of civil contempt, and she dismissed the criminal contempt charges. After a further hearing, the trial judge found that Mr. Young was not in civil contempt, and Mrs. Young made her first appeal to this court.

We found that the trial court erred in requiring Mrs. Young to dismiss her criminal contempt charge in order to be permitted to proceed on civil contempt, and we remanded the case on the basis that the judgment was not a final one, because the criminal contempt charge had been dismissed in error, and was therefore still before the trial court. On remand, Mrs. Young again dismissed her prayer for criminal contempt, and the case is now before us on the trial court's refusal to find Mr. Young in civil contempt.

## II.

## Is the Trial Court's Decision Appealable?

Without distinguishing between civil and criminal contempt, our courts have often said that an acquittal in a contempt proceeding cannot be appealed. *Graham v. Williamson*, 128 Tenn. 720, 164 S.W. 781 (1913); *Gunter v. Seaboard Copper Mining Co.*, 142 Tenn. 14, 215 S.W. 273 (1919); *Archer v. Archer*, 907 S.W.2d 412 (Tenn. App. 1995); *Plumb v. Plumb*, 372 S.W.2d 771 (Tenn. App. 1962); *Schwalb v. Schwalb*, 282 S.W.2d 661 (Tenn. App. 1955). Civil and criminal contempt, however, differ in some fundamental ways. If the sanction is designed to coerce the contemnor into performing the court's orders, it is considered civil; if, on the other hand, the sanction is imposed to punish the contemnor for past acts, it is criminal. *Storey v. Storey*, 835 S.W.2d 593 (Tenn. App. 1992). The civil contempt sanction may be discharged by compliance with the court's order; therefore, as we have often said, the contemnor "holds the keys to the jail in his own pocket."[1]

---

[1]We are aware that some courts have also divided civil contempt into two sub-classes: compensatory and coercive. In *Latrobe Steel Co. v. United Steelworkers*, 545 F.2d 1336 (3d Cir. 1976), the Court described them this way:

> [C]ompensatory actions are essentially backward looking, seeking to compensate the complainant through the payment of money for damages caused by past acts of disobedience. Coercive sanctions, in contrast, look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction by *setting forth in advance the penalties the court will impose if the party deviates from the path of obedience . . .* (emphasis added).

> [T]he court may levy a fine of a specified amount for past refusal to conform

If the court intends to punish the contemnor (criminal contempt) then all the safeguards accorded criminal defendants come into play. *Strunk v. Lewis Coal Co.*, 547 S.W.2d 252 (Tenn. Crim. App. 1976). One of the safeguards is compliance with Rule 42, Tenn. R. Crim. Proc. *Storey v. Storey*, 835 S.W.2d 539 (Tenn. App. 1992). And the state cannot appeal an acquittal in a criminal proceeding. In *Gunter v. Seaboard Copper Mining Co.*, our Supreme Court applied the reasoning of the criminal law to contempt cases:

> Under our practice, the act complained of is criminal in its nature, while it might not be such in some jurisdictions where the fine imposed inures to the benefit of the party injured. It follows, therefore, as a matter of course, that no appeal will lie, where the defendant has been exculpated, any more so than in a case where a defendant has been found not guilty on a charge of assault and battery. We think this view of the matter has been generally accepted by the profession; for, while our reports are full of cases where defendants, found guilty of contempt, have appealed, we have been unable to find a case in this State in which an appeal was sought where the defendant was acquitted in the lower court.

142 Tenn. at 18, 215 S.W. at 274.

We find the reference to an acquittal in an assault and battery case instructive and we note that the charge in *Gunter* was a past violation of an injunction. On the other hand, conditional punishment, punishment which may be avoided by future compliance with the court's orders (civil contempt), does not carry with it the safeguards that attach to criminal prosecutions. *Davenport v. Jailer, City of Memphis*, 572 S.W.2d 265 (Tenn. App. 1978). Such a sanction is imposed in a civil proceeding

---

to the injunction, *conditioned, however, on the defendant's continued failure to obey.* The court may also specify that a disobedient party will be fined a certain amount for each day of non-compliance. Indeed, the methods that may be employed to coerce a recalcitrant party into compliance with an injunction are many and varied.

545 F.2d at 1344.

We know of no Tennessee cases recognizing compensatory civil contempt -- probably because of the fifty dollar limit placed on fines for contempt by Tenn. Code Ann. § 29-9-103. In addition, a fine levied after the contemnor defies a threat imposed to deter future conduct, seems to us to have all the attributes of a criminal sanction. It is imposed for punishment and the contemnor no longer can discharge it by compliance.

and should be governed by Rule 3(a) of the Tenn. R. App. Proc.: "In civil actions every final judgment entered by a trial court . . . is appealable as of right."

This result is in accord with the majority rule in other states. *See* 24 A.L.R. 3rd 650, Appealability of Acquittal from or Dismissal of Charge of Contempt of Court. We are convinced, therefore, that a dismissal of a petition for civil contempt may be appealed.

## III.

### Is the Court's Refusal to Impose Sanctions for Civil Contempt Reversible?

Ms. Young argues that the proof establishes Mr. Young's contempt in the following particulars:

1. His refusal to make the monthly alimony payments on the first day of the month.

2. His refusal to make reasonable efforts to sell the used equipment.

3. His refusal to make payments on the $200,000 judgment and the award of attorney fees.

With respect to the timely alimony payments, the court stated that the final decree did not require Mr. Young to make the payments on the first day of the month. The final decree did, however, contain the following requirement with respect to the monthly alimony payments: "The payments shall be due the first day of every month." We think the trial judge simply overlooked that provision.

With respect to the sale of the used equipment, the trial judge found that Mr. Young could not be held in contempt because he was not specifically ordered in the final decree to sell the equipment. We find that the trial judge was correct in that finding.

With respect to the monetary payments ordered in the final decree, the trial court stated from the bench, "I am convinced that Mr. Young does not arrange his life where he can pay her.  I don't think he is paying her in good faith."  However, the final order states, "The Court finds that the evidence presented by Mr. Young sustains his allegation of financial inability to comply with the terms of the decree as to the $200,000 installment payment schedule on the marital judgment."  The inability to comply with a court's order is a defense to punishment for civil contempt.  *Gossett v. Gossett*, 34 Tenn. App. 654, 241 S.W.2d 934 (1951).

But, let us assume that the trial judge was wrong in dealing with the facts and that Mr. Young was clearly in contempt.  Since we are only dealing with civil contempt, the options allowed by our code are severely limited.  Tenn. Code Ann. § 29-9-104 says that "If the contempt consists in an omission to perform an act which it is yet in the power of the person to perform, he may be imprisoned until he performs it."[2]

With respect to not paying his alimony on the first day of the month (as we have found he was obligated to do) can Mr. Young be put in jail until the first of the next month?  We do not think the court could or should impose such drastic conditional punishment.

With respect to the failure to make the monetary payments, the court is entirely correct if Mr. Young is not presently able to make the payments.  Assuming that he is able, we still think it would be within the court's discretion to decide whether he should be imprisoned for an indefinite period of time.  Instead, the court awarded a judgment for the past due installments and allowed Mrs. Young to seek payment through the ordinary means of execution.  We do not think the trial judge's action

---

[2]We do not think the ten days in jail and/or fifty dollar fine provided in Tenn. Code Ann. § 29-9-103 applies to the civil contempt involved in this case.

would be an abuse of discretion, even if Mr. Young was capable of making the payments.

## IV.

Mrs. Young also appeals the trial court's refusal to make Mr. Young pay her attorney's fees. This is also a decision that rests in the discretion of the trial court. *McCarty v. McCarty*, 863 S.W.2d 716 (Tenn. App. 1992). We do not think the trial judge abused her discretion in this case.

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal equally between both parties.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE