IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 2, 2005 Session

## OVERNITE TRANSPORTATION CO. v. TEAMSTERS LOCAL UNION NO. 480, ET AL.

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Davidson County**
**No. 99-3105-III     Ellen H. Lyle, Chancellor**

———————————

**No. M2002-02116-SC-R11-CV - Filed June 8, 2005**

———————————

We granted this appeal to determine 1) whether a trial court's order declining to hold an alleged contemnor in civil contempt may be appealed; 2) whether compensatory damages for civil contempt are available pursuant to Tennessee Code Annotated section 29-9-105 (1980 & 2000) from a contemnor who commits an act forbidden by a trial court's order; and, if so, 3) whether those damages may be recovered if the violation is not ongoing at the time of the hearing. We answer these questions in the affirmative. Accordingly, we affirm the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed;**
**Remanded to the Trial Court.**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Edmund L. Carey, Jr. and George Edward Barrett, Nashville, Tennessee, for the Appellants-Defendants, Billy D. Cullen, Eddie Mims, Isom Folsom, and Kennie George.

James Gerard Stranch, III and Mark Allen Mayhew, Nashville, Tennessee, for the Appellant-Defendant, Teamsters Local Union No. 480.

Christopher Johlie and Melissa Crawford Mazzeo, Chicago, Illinois, and Kenneth A. Weber, Nashville, Tennessee, for the Appellee-Plaintiff, Overnite Transportation Company.

### OPINION

On October 24, 1999, Teamsters Local Union No. 480 ("Teamsters") and its officers, Billy Cullen, Eddie Mims, Kennie George, and Isom Folsom (collectively "individual defendants") commenced a strike protesting alleged unfair labor practices by Overnite Transportation Company

("Overnite"), a common carrier of freight with a terminal in Nashville, Tennessee. On October 29, 1999, the trial court granted Overnite's request for a temporary injunction and imposed restrictions on the conduct of the parties. During the period from November 1999 to January 2000, Overnite alleged that the Teamsters committed various acts in defiance of the trial court's orders, and the trial court granted Overnite's requests for more restrictive temporary restraining orders and temporary injunctions.

On June 23, 2000, Overnite filed a motion to require the Teamsters and the individual defendants (collectively "defendants") to show cause why they should not be held in criminal or civil contempt. Overnite attached affidavits detailing 131 instances in which the defendants allegedly violated the trial court's orders. The trial court found that Overnite presented sufficient evidence to require the Teamsters to show cause why it should not be held in criminal contempt for 128 of Overnite's allegations. The trial court referred the matter of criminal contempt to the Davidson County District Attorney General, who declined to prosecute.

Addressing the remaining issue of civil contempt, the trial court determined that Overnite could recover actual damages pursuant to Tennessee Code Annotated section 29-9-105 (1980 & 2000) if the Teamsters' conduct was found to be contemptuous. The trial court, however, later concluded that Overnite could not recover actual damages because the strike activity had ended prior to the court's hearing on March 12, 2002. The trial court found that any rulings as to the Teamsters' past activity would be in the nature of punishment for criminal contempt rather than a coercive remedy for civil contempt. The trial court therefore granted the defendants' motion for summary judgment and dismissed Overnite's petition for civil contempt as moot.[1]

The Court of Appeals reversed the trial court's judgment. Citing Tennessee Code Annotated section 29-9-105, the Court of Appeals held that an injured party may recover actual damages that were sustained as a result of a defendant's contemptuous conduct even after that conduct has ended. The defendants filed a petition to rehear, arguing that Overnite could not appeal from the trial court's "acquittal" of the defendants from the allegation of contempt. The Court of Appeals denied the defendants' petition to rehear because the trial court based its decision on a question of law without reaching the merits of the contempt petition. We granted review.

---

[1] The individual defendants contend that they were not parties to the civil contempt proceedings because the show cause order only applied to the Teamsters. Overnite, however, named the individual defendants as parties in its motion for a show cause order, and some of the allegations upon which the trial court based its show cause order involved actions allegedly committed by the individual defendants. The individual defendants further contend that Overnite's claims against them should be dismissed due to Overnite's failure to timely respond to the individual defendants' motion for summary judgment. We are unable to adequately review this issue due to the absence of the individual defendants' motion for summary judgment from the appellate record. See Tenn. R. App. P. 24.

# ANALYSIS

## A. Right to Appeal

We must first determine whether Overnite had a right to appeal the trial court's order granting summary judgment and dismissing the civil contempt proceedings. This Court previously has held that a party does not have a right to appeal an acquittal in a contempt proceeding. See Collier v. City of Memphis, 26 S.W.2d 152, 153 (Tenn. 1930); Gunter v. Seaboard Copper Mining Co., 215 S.W. 273, 274 (Tenn. 1919). These cases, however, predate the Tennessee Rules of Appellate Procedure, which became effective on July 1, 1979.[2] A principal purpose of the Rules of Appellate Procedure is to bring together in one place a simplified, coherent, and modern body of law. Advisory Commission Comments to Tenn. R. App. P. 1. These rules are intended to replace the appellate procedure that was governed by scattered provisions of the Tennessee Code and the rules and decisions of the appellate courts. Id. Tennessee Rule of Appellate Procedure 3 governs the right to appeal a trial court's order refusing to hold an alleged contemnor in contempt.

Although Collier and Gunter did not distinguish between criminal and civil contempt, this distinction is necessary in analyzing the right to appeal under Rule 3. Criminal contempt is used to "preserve the power and vindicate the dignity and authority of the law" as well as to preserve the court "as an organ of society." Black v. Blount, 938 S.W.2d 394, 398 (Tenn. 1996). Generally, sanctions for criminal contempt are designed to punish the contemnor and are unconditional in nature. Id. One alleged to have committed acts of criminal contempt, other than those acts committed in the court's presence, must be given both notice of the alleged contempt and a hearing. Tenn. R. Crim. P. 42. If a defendant is charged with criminal contempt, guilt must be established by proof beyond a reasonable doubt. Black, 938 S.W.2d at 398. Criminal contempt cases are subject to the double jeopardy provisions in the federal and state constitutions. See Ahern v. Ahern, 15 S.W.3d 73, 80-82 (Tenn. 2000); State v. Wood, 91 S.W.3d 769, 773 (Tenn. Ct. App. 2002). Thus, an appeal from an acquittal of criminal contempt is barred.

The present case, however, involves a civil contempt action that arose out of a civil proceeding. A civil contempt action is generally brought to enforce private rights. See Robinson v. Air Draulics Eng'g Co., 377 S.W.2d 908, 912 (Tenn. 1964). The safeguards afforded to one accused of criminal contempt are not available to one accused of civil contempt. Tennessee Rule of Appellate Procedure 3(a) governs the right to appeal a trial court's order declining to hold an alleged contemnor in civil contempt in a civil case. Rule 3(a) provides that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." Rule 3(a) does not exclude civil contempt proceedings from an appeal as of right, and we can discern no reason to impose such restriction.

---

[2] These cases also predate the 1967 creation of a separate Court of Criminal Appeals. 1967 Tenn. Pub. Acts ch. 226, § 1 (codified as Tenn. Code Ann. § 16-5-101 (1994)). The Court of Criminal Appeals has jurisdiction of civil or criminal contempt arising out of a criminal matter. Tenn. Code Ann. § 16-5-108(a)(3) (1994). The Court of Appeals has jurisdiction of civil or criminal contempt arising out of a civil matter. Tenn. Code Ann. § 16-4-108(b) (1994).

**B. Remedies for Civil Contempt**

Overnite initiated civil contempt proceedings against the defendants and contended that the defendants willfully disobeyed the trial court's orders regulating the conduct of the parties during the strike. See Tenn. Code Ann. § 29-9-102(3) (1980 & 2000).[3] One may violate a court's order by either refusing to perform an act mandated by the order or performing an act forbidden by the order. If the contemnor has refused to perform an act mandated by the court's order and the contemnor has the ability to comply with the order at the time of the contempt hearing, the court may fine or imprison the contemnor until the act is performed. Tenn. Code Ann. § 29-9-104 (1980 & 2000); see Ahern, 15 S.W.3d at 79. Thus, the contemnor possesses the "keys to the jail" and can purge the contempt through compliance with the court's order. Id.

The alleged contempt in the present case involves performing acts forbidden by the trial court's order. Tennessee Code Annotated section 29-9-105 (1980 & 2000) provides that "[i]f the contempt consists in the performance of a forbidden act, the person may be imprisoned until the act is rectified by placing matters and person in status quo, *or by the payment of damages*." (emphasis added). Section 29-9-105 combines punishment to vindicate the court with damages to compensate the party for injury arising from the illegal disobedience of the court. Headrick v. Carter, 897 S.W.2d 256, 261 (Tenn. 1995). The measure of damages is the actual injury sustained as a result of the contempt. Id.

Fines for civil contempt may either coerce the contemnor to comply with the court order *or* serve to compensate the injured party. City of Chattanooga v. Davis, 54 S.W.3d 248, 271 (Tenn. 2001) ("[C]ivil contempt fines . . . are generally regarded as being remedial in nature when (1) the fine is prospectively coercive, or (2) the fine serves to compensate the party injured by the violation of the order.") (citing United Mine Workers v. Bagwell, 512 U.S. 821, 829 (1994)). Accordingly, under the plain language of Tennessee Code Annotated section 29-9-105 (1980 & 2000), damages are available to a party injured by a contemnor's acts in violation of a court's order.

**C. Effect of Cessation of Contemptuous Activity**

The trial court recognized that compensatory damages are available in a civil contempt action but held that the cessation of strike activity prior to a hearing on the issue of contempt precluded a finding of civil contempt. The trial court therefore granted the defendants' motion for summary

---

[3] Tennessee Code Annotated section 29-9-102 (1980, 2000) provides the following:

The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:

. . .

(3) The willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts[.] . . .

-4-

judgment and dismissed the civil contempt claims. A trial court's grant of a motion for summary judgment presents a question of law. Eadie v. Complete Co., 142 S.W.3d 288, 291 (Tenn. 2004). We review the granting of summary judgment by a trial court de novo without a presumption that the trial court's conclusions are correct. See Mooney v. Sneed, 30 S.W.3d 304, 306 (Tenn. 2000).

When the contempt consists of the performance of a forbidden act, the cessation of the contemptuous conduct after the entry of the order prohibiting that conduct does not preclude a finding of civil contempt and an award of damages. Neither the plain language of section 29-9-105 nor that of section 29-9-102(3) requires that the disobedience of a court's order be ongoing. See City of Cookeville v. Humphrey, 126 S.W.3d 897, 902 (Tenn. 2004) (noting that where the language of a statute is clear and unambiguous, we must apply the statute in accordance with its plain language). Although the strike had ended, any disobedience of the injunction by the defendants would not be "rectified" until the defendants paid damages to Overnite making it whole. See Tenn. Code Ann. § 29-9-105 (1980 & 2000).

## CONCLUSION

We hold that a right to appeal lies from a trial court's refusal to hold an alleged contemnor in civil contempt. We further hold that an injured party may recover damages pursuant to Tennessee Code Annotated section 29-9-105 from the contemnor who performed the forbidden act, even though the contemptuous conduct is not ongoing. Therefore, the trial court erred in granting the defendants' motion for summary judgment and dismissing Overnite's action for civil contempt. We affirm the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

Costs of appeal are taxed to the appellants, Teamsters Local Union No. 480, Billy D. Cullen, Eddie Mims, Kennie George, and Isom Folsom, and their sureties, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE