IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2009

**WALTER JESSEE BRUMIT v.
STEFANIE LYNNE BRUMIT DURHAM**

**Appeal from the Chancery Court for Greene County**
**No. 93-10      Billy Joe White, Chancellor, by Interchange**

_____

**No. E2009-01017-COA-R3-CV - Filed February 3, 2010**

_____

Walter Jessee Brumit ("Husband") and Stefanie Lynne Brumit Durham ("Wife") were divorced in 1993. The parties had one minor child, and Husband was ordered to pay $1,500 per month in child support. From that $1,500, Wife was ordered to place $300 each month into an educational trust account for the child's benefit. Husband also was required to match that $300 payment. In 2008, Husband filed a motion for contempt. According to Husband, Wife was $6,600 behind in the payments she was required to make into the child's trust account. Wife responded to the motion and admitted that she had fallen $6,600 behind in payments. Wife claimed, however, that she was behind because of financial problems, even though she was caught up by the time she filed her response to the motion. Before any hearing took place, the Trial Court _sua sponte_ accepted Wife's excuse as to the reason she was behind in the payments, determined that Husband's motives for filing the motion for contempt were improper, and dismissed the motion in its entirety, taxing the costs to Husband. Husband appeals. We vacate the Trial Court's judgment and remand this case for a hearing on the merits of Husband's motion for contempt. We also agree with Husband that a new trial judge should be assigned to this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Chancery Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

G.P. Gaby, Greeneville, Tennessee, for the Appellant, Walter Jessee Brumit.

No appearance by, or on behalf of, the Appellee, Stefanie Lynne Brumit Durham.

# OPINION

## Background

The parties were married in 1988, and Wife filed for divorce in 1993. The parties have a daughter who was born in November of 1989. As part of the divorce, the parties submitted a marital dissolution agreement which was approved and ratified by the Trial Court. The final judgment entered by the Trial Court in November 1993 contained the following requirement:

> Support. Husband agrees to pay directly to Wife the sum of One Thousand Five Hundred Dollars ($1,500.00) per month for the support of the parties' minor child, said amount to be paid until the child attains the age of eighteen (18) years or graduates with her normal high school class, whichever shall occur last. Husband agrees to make each support payment on or before the 1st day of each month. Wife agrees to deposit Three Hundred Dollars ($300.00) per month of Husband's support obligation into a trust fund for the minor child. Husband agrees that at the end of each calendar year to deposit a sum equal to the total amount deposited by Wife into the trust fund. . . .

After the parties were divorced, they continued to disagree on almost everything and were in court many more times over the years. Both parties accused the other of interfering with his or her relationship with the child and of contemptuous conduct. There were several hearings over the years and one previous appeal which resulted in an opinion filed by this Court in 1997.

In 1995, the Trial Court entered an order finding Wife in contempt of court on four counts. The order states:

> The former wife is found guilty of four counts of contempt of Court. For each count, she is sentenced to serve ten days in jail, for an effective sentence of forty days. She shall further pay a fine in the amount of $50.00 per count, for a total fine of $200.00. Her service of the imposed jail sentence is stayed pending further Orders of this Court. Future findings of contempt by the former wife will result in the imposition of the forty day jail sentence, as well as sanctions for such future contempt.

It does not appear that Wife appealed the four findings of contempt. The findings of contempt were not an issue addressed in the 1997 opinion filed by this Court.

The most recent activity began in August of 2008 when Husband filed a motion seeking to have Wife held in contempt. The crux of Husband's motion was that Wife had failed to pay a total of $6,600 into the child's trust account, per the requirements of the original divorce judgment entered in 1993. According to Husband's motion:

> By former decrees of this Court, the first entered on November 12, 1993 . . . each party was required to pay the sum of $300 per month into the registry of this Court for the education of their child.
>
> The movant has paid the entire amount required for him unto the registry of the Court.
>
> The respondent has failed and refused to pay the total amount that she was ordered by the Court to pay. She has failed to pay the sum of $6,600.
>
> By Order entered in this Court on May 9, 1995, the respondent was found guilty on four counts of contempt of court and on each she was sentenced to serve ten days in jail for an effective sentence of 40 days. The Court's Order further provided that [the sentence would be suspended but] upon further finding of contempt she would be required to serve the 40-day jail sentence as well as sanctioned by the Court for her subsequent actions. . . .
>
> [Husband] is entitled to [the] entry of an Order of this Court requiring [Wife] to purge herself of contempt of court and pay the sum of $6,600 into the registry of the court for the education of their child. He is further entitled to have the Court enter an order remanding her to the common county jail of Greene County, Tennessee for the service of the sentence of 40 days previously imposed upon her. (original paragraph numbering omitted)

Husband later amended his motion to seek payment of his attorney fees incurred in having to file the motion for contempt and further requesting that Wife be

required to pay the interest that would have accrued into the trust account had Wife made timely payments.

Wife responded to the motion and acknowledged that she was behind in the payments that she was required to make into the trust account for the parties' child. However, Wife claimed that she "was unable to pay the funds for a brief period of time due to financial problems, however, said monies were paid on or about October 14, 2008 . . . ."[1] The remaining pertinent allegations contained in Husband's motion were denied.[2]

Without any hearing being held on Husband's motion, the Trial Court *sua sponte* entered an Order on April 30, 2009, dismissing Husband's motion in its entirety. The Order states:

> It appears that [Husband] has filed a Motion asking that [Wife] be held in contempt of court for the late payment of $6,600.00 into an education fund for their daughter. This money has now been paid into Court and the failure was because of financial problems.
>
> This has been a long and bitter controversy, and this Court views this Motion to be nothing but an attempt to embarrass and cause undue expense to [Wife]. The Court will accept the excuse of financial problems when money has been paid as soon as possible. This Court does not feel that a hearing is necessary and is merely an attempt to cause the [Wife] extra expense in a trip from Florida.
>
> This Court, therefore, dismisses the Motion and assesses the costs concerning said Motion to [Husband].

Husband appeals claiming the Trial Court erred when it dismissed his motion for contempt without conducting a hearing on the merits of the motion. Husband also requests that a new trial judge be assigned to this case.

---

[1] There was no affidavit or any other type of proof submitted by Wife in support of her claim that she was unable to make timely payments due to "financial problems."

[2] Although Wife was represented by counsel when her response to the motion for contempt was filed, she currently is proceeding pro se, and she chose not to file a brief in this appeal.

**Discussion**

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Although Husband's motion for contempt does not state what type of contempt he is seeking (i.e., civil or criminal), it appears he is seeking a finding of civil contempt. In *Overnite Transp. Co. v. Teamsters Local Union No. 480*, 172 S.W.3d 507 (Tenn. 2005), our Supreme Court stated:

> A civil contempt action is generally brought to enforce private rights. *See Robinson v. Air Draulics Eng'g Co.*, 214 Tenn. 30, 377 S.W.2d 908, 912 (1964). . . .
>
> One may violate a court's order by either refusing to perform an act mandated by the order or performing an act forbidden by the order. If the contemnor has refused to perform an act mandated by the court's order and the contemnor has the ability to comply with the order at the time of the contempt hearing, the court may fine or imprison the contemnor until the act is performed. Tenn. Code Ann. § 29-9-104 (1980 & 2000); *see Ahern*, 15 S.W.3d at 79. Thus, the contemnor possesses the "keys to the jail" and can purge the contempt through compliance with the court's order. *Id*.

*Overnite*, 172 S.W.3d at 510-511.

In the present case, there is no doubt that Wife was $6,600 behind in the educational trust contributions that she was required to make pursuant to the initial court order because Wife admits as much in her response. The issue is whether her failure to comply with the court's previous order was "willful" since only a willful failure to comply with the order could be punished as contemptuous. *See* Tenn. Code Ann. § 29-9-102(3) (2000).

-5-

Although Wife claimed in her response that she was having financial problems, there is no proof in the record supporting (or opposing) that allegation since there was no hearing. We conclude, without hesitation, that Husband was entitled to a hearing on the merits as to whether Wife's failure to comply with the court's previous order was willful and, if so, whether he is entitled to the relief sought in the motion. Of course, since Wife paid the $6,600 that she was behind, she has used the proverbial keys to the jail and cannot be imprisoned for not paying those funds. However, that does not mean that Husband is not entitled to additional relief if Wife's conduct was in fact contemptuous.

Husband's final request is that a new trial judge be assigned to this case. As set forth previously, the trial judge currently assigned to this case *sua sponte* determined that Husband's motive for filing the motion was improper, even though Wife admitted that she indeed was $6,600 behind in payments when the motion was filed. In addition, the Trial Court summarily accepted Wife's asserted excuse for being late without hearing any proof whatsoever on that issue. Based on these facts, we agree with Husband that, on remand, it is appropriate for a new trial judge to be assigned to this case.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for a hearing on Husband's motion for contempt and for collection of the costs below. On remand, a new trial judge is to be assigned to this case. Costs on appeal are taxed to the Appellee, Stefanie Lynne Brumit Durham, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE