IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 31, 2011

## WALTER JESSEE BRUMIT v. STEFANIE LYNNE BRUMIT (DURHAM)

**Appeal from the Chancery Court for Greene County**
**No. 93-10      John K. Wilson, Judge[1]**

_____

**No. E2010-01999-COA-R3-CV-FILED-AUGUST 1, 2011**

_____

This wife, Stefanie Lynne Brumit (Durham) ("Wife"), and husband, Walter Jessee Brumit ("Husband"), were divorced in the early 1990s. The parties had one child, and Husband was ordered to pay $1500 per month in child support. From that amount, Wife was ordered to place $300 per month into an educational trust account for the child's benefit. In 2008, Husband filed a motion for contempt, asserting that Wife was $6,600 behind in the payments to the trust account. Wife claimed that she had fallen behind in the payments because of financial difficulties and brought the trust account up to date prior to filing her response. In April 2009, the trial court, prior to hearing, dismissed the contempt motion and taxed the costs to Husband. Upon Husband's appeal, we vacated the trial court's judgment and remanded the case for a hearing on the merits before a new trial judge. On remand, the trial court found Wife in contempt of court. As Wife had brought the payments to the trust account up to date, the trial court ordered her to pay the interest income lost by the account due to her delinquent payments and half of Husband's attorney's fees. Husband appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

G.P. Gaby, Greeneville, Tennessee, for the appellant, Walter Jessee Brumit.

Stefanie Brumit Durham, Duluth, Georgia, appellee, pro se.

_____

[1]Sitting by interchange.

# OPINION

## I. BACKGROUND

As noted in the prior opinion of this court regarding this former husband and wife:

[I]n August of 2008, . . . Husband filed a motion seeking to have Wife held in contempt. The crux of Husband's motion was that Wife had failed to pay a total of $6,600 into the child's trust account, per the requirements of the original divorce judgment entered in 1993. According to Husband's motion:

> By former decrees of this Court, the first entered on November 12, 1993 . . . each party was required to pay the sum of $300 per month into the registry of this Court for the education of their child.
>
> The movant has paid the entire amount required for him unto the registry of the Court.
>
> The respondent has failed and refused to pay the total amount that she was ordered by the Court to pay. She has failed to pay the sum of $6,600.
>
> By Order entered in this Court on May 9, 1995, the respondent was found guilty on four counts of contempt of court and on each she was sentenced to serve ten days in jail for an effective sentence of 40 days. The Court's Order further provided that [the sentence would be suspended but] upon further finding of contempt she would be required to serve the 40-day jail sentence as well as sanctioned by the Court for her subsequent actions. . . .
>
> [Husband] is entitled to [the] entry of an Order of this Court requiring [Wife] to purge herself of contempt of court and pay the sum of $6,600 into the registry of the court for the education of their child. He is further entitled to have the Court enter an order remanding her to the common county jail of Greene County, Tennessee for the service of the sentence of 40 days previously imposed upon her. (original paragraph numbering omitted)

Husband later amended his motion to seek payment of his attorney fees incurred in having to file the motion for contempt and further requesting that Wife be required to pay the interest that would have accrued into the trust account had Wife made timely payments.

Wife responded to the motion and acknowledged that she was behind in the payments that she was required to make into the trust account for the parties' child. However, Wife claimed that she "was unable to pay the funds for a brief period of time due to financial problems, however, said monies were paid on or about October 14, 2008 . . . ." The remanding pertinent allegations contained in Husband's motion were denied.

Without any hearing being held on Husband's motion, the Trial Court *sua sponte* entered an Order on April 30, 2009, dismissing Husband's motion in its entirety. . . .

*Brumit v. Durham*, No. E2009-01017-COA-R3-CV, 2010 WL 845546, at *2 (Tenn. Ct. App. E.S., Mar. 03, 2010)[2] (footnotes omitted).

Upon remand, this matter was heard on August 13, 2010, and judgment entered on August 31, 2010. Wife was found in contempt of court. The trial court stated as follows from the bench:

The Court finds that she is in contempt. The money that was sent to her was not used in . . . the way the court order required. She did not pay her portion as the order required. The Court understands and sees people with financial problems in this Court probably every day, going through divorces, hard times and the lack of just income generally.

The Court finds in this case that apparently there was just a lack of no communication between the ex-husband and ex-wife. . . .

The Court is not going to fine her or punish her at this time. The Court reserves any contempt fine, punishment, if needed, for a later date. The Court finds that she, in fact, should pay part of the bill that her husband filed, or maybe all the bill that her husband filed in order to get it to Court, in order to get this resolution.

---

[2]The Westlaw version of the opinion bears the date February 3, 2010. The judgment for the case is found at 2010 WL 744941 and is dated March 3, 2010.

The Court is going to cut reimbursement in half, and I guess, is it 6965.52, the, the amount, and ever what one-half of that would be? . . .

Thus, the trial court ordered recovery of only one-half of the attorney's fees of $6,965.58 Husband had incurred in enforcing Wife's court-ordered obligation. Accordingly, the judgment for recovery of attorney's fees was $3,482.79, payable in installment payments of $290.23 per month for a year. Wife agreed to pay the interest due on the arrearage in the educational trust fund in the amount of $848.68.

## II. ISSUE

Husband timely filed an appeal regarding the sole issue before us: Whether Husband should have been awarded only one-half of his attorney's fees incurred.

## III. STANDARD OF REVIEW

In this non-jury case, our review is de novo upon the record of the proceedings below. Tenn. R. App. P. 13(d). The record comes to us with a presumption of correctness as to the trial court's findings - a presumption we must honor "unless the preponderance of the evidence is otherwise." *Id.* The presumption of correctness, however, does not extend to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

## IV. DISCUSSION

In our prior order in this matter, we noted as follows:

Although Husband's motion for contempt does not state what type of contempt he is seeking (i.e., civil or criminal), it appears he is seeking a finding of civil contempt. In *Overnite Transp. Co. v. Teamsters Local Union No. 480*, 172 S.W.3d 507 (Tenn. 2005), our Supreme Court stated:

A civil contempt action is generally brought to enforce private rights. *See Robinson v. Air Draulics Eng'g Co.*, 214 Tenn. 30, 377 S.W.2d 908, 912 (1964). . . .

One may violate a court's order by either refusing to perform an

-4-

act mandated by the order or performing an act forbidden by the order. If the contemnor has refused to perform an act mandated by the court's order and the contemnor has the ability to comply with the order at the time of the contempt hearing, the court may fine or imprison the contemnor until the act is performed. Tenn. Code Ann. § 29-9-104 (1980 & 2000) *see Ahern [v. Ahern]*, 15 S.W.3d [73,] 79 [(Tenn. 2000)]. Thus, the contemnor possesses the "keys to the jail" and can purge the contempt through compliance with the court's order. *Id.*

*Overnite*, 172 S.W.3d at 510-511.

In the present case, there is no doubt that Wife was $6,600 behind in the educational trust contributions that she was required to make pursuant to the initial court order because Wife admits as much in her response. The issue is whether her failure to comply with the court's previous order was "willful" since only a willful failure to comply with the order could be punished as contemptuous. *See* Tenn. Code Ann. § 29-9-102(3) (2000).

Although Wife claimed in her response that she was having financial problems, there is no proof in the record supporting (or opposing) that allegation since there was no hearing. We conclude, without hesitation, that Husband was entitled to a hearing on the merits as to whether Wife's failure to comply with the court's previous order was willful and, if so, whether he is entitled to the relief sought in the motion. Of course, since Wife paid the $6,600 that she was behind, she has used the proverbial keys to the jail and cannot be imprisoned for not paying those funds. However, that does not mean that Husband is not entitled to additional relief if Wife's conduct was in fact contemptuous.

*Brumit v. Durham*, 2010 WL 845546, at *3.

The courts of this state have inherent authority to order punishment for acts of contempt. *Reed v. Hamilton*, 39 S.W.3d 115, 117-118 (Tenn .Ct. App. 2000). This authority is limited in that the court may only punish as contemptuous the type of acts described in Tenn.Code Ann. § 29-9-102 (2000). *Id.* at 118. Tenn. Code Ann. § 29-9-102 provides as follows:

**Scope of power.**-The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to

any except the following cases:

\* \* \*

(3) The willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts . . . .

\* \* \*

Civil contempt occurs when a person does not comply with a court order and a party brings an action to enforce his or her rights under the order that have been violated. *Reed*, 39 S.W.3d at 117-118. Punishment for civil contempt is designed to coerce compliance with the court's order and is imposed at the insistence and for the benefit of the private party who has suffered a violation of his or her rights. *Id.* at 118.

In an amendment to his motion for contempt, Husband requested as follows:

In order to do complete justice, the respondent should be required to pay interest at the judgment rate from the time the money was due until the time it was paid and reimburse the movant for attorney's fees incurred.

We find that because Wife had to be coerced into making the educational trust account completely whole, the trial court's finding of civil contempt was supported by the evidence.

Husband's disagreement with the trial court's ruling is that he received an award of only half of the attorney's fees he incurred. We note that the marital dissolution agreement originally entered in this cause provided as follows:

Collection of Sums Due. In the event either party finds it necessary to commence legal action to obtain performance of any act required under this Agreement, then the party commencing such action shall be entitled not only to performance, but the costs of the proceeding, reasonable interest on all sums recovered, and *reasonable attorneys' fees*.

(Emphasis added). Subsequent orders have provided that all provisions of the marital dissolution agreement "remain in full force and effect."

Where a marital dissolution agreement contains a provision governing the payment of attorney's fees, the interpretation of that provision is a matter of law that we review de

-6-

novo. *Id.* The language of a fee provision is subject to the usual rules of contract interpretation, and the award of such fees is limited to the situation agreed to by the parties. *Segneri v. Miller,* No. M2003-01014-COA-R3-CV, 2004 WL 2357996, at *6 (Tenn. Ct. App. M.S., Oct. 19, 2004). When the contract provides for the recovery of attorney's fees in a certain situation, the trial court has no discretion regarding whether to award attorney's fees or not. *Seals v. Life Investors Ins. Co. of America,* No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at *4 (Tenn. Ct. App. Dec. 30, 2003) (citing *Hosier v. Crye-Leike Commercial, Inc.,* No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *6 (Tenn. Ct. App. W.S., July 17, 2001)). Determining the reasonableness of the amount of an attorney's fee is a discretionary inquiry by the trial court, however, to which appellate courts will defer, absent an abuse of discretion. *Keith v. Howerton,* 165 S.W.3d 248, 250-51 (Tenn. Ct. App. 2004) (citing *Killingsworth v. Ted Russell Ford,* 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002)).

Thus, Husband was entitled to a judgment of "reasonable attorneys' fees" if it was "necessary to commence legal action to obtain performance of any act required under [the] Agreement . . . ." Wife was required under the marital dissolution agreement to make the payments to the trust account and the trial court found that she should pay Husband's attorney's fees "to get [the matter] to Court, in order to get this resolution."

As to the amount of the attorney's fees, we do not find that the trial court abused its discretion in ordering Wife to only pay half. The trial court provided no explanation regarding the amount awarded. Husband, however, has not persuaded us that the trial court abused its discretion. Accordingly, we must defer to the trial court's finding.

## V. CONCLUSION

The judgment of the trial court is affirmed. Costs on appeal are taxed to the parties equally. This case is remanded for such further proceedings, if any, as may be required and for collection of costs assessed below, all pursuant to applicable law.

_____
JOHN W. McCLARTY, JUDGE