IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 29, 2022 Session

**STEVONSKI BUNTYN v. JEANETTE BUNTYN**

**Appeal from the Chancery Court for Madison County**
**No. 71133     James F. Butler, Chancellor**

_____

**No. W2021-00909-COA-R3-CV**
_____

Husband appeals the trial court's denial of his petition to hold Wife in contempt. Because Husband's brief is not compliant with Rule 27 of the Tennessee Rules of Appellate Procedure, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Stevonski Elliott Buntyn, Jackson, Tennessee, Pro se.

**MEMORANDUM OPINION[1]**

**I.**

Stevonski Buntyn ("Husband") and Jeanette Buntyn ("Wife") were divorced in 2014 in the Chancery Court of Madison County (the "trial court"). The divorce decree stated, in part:

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Wife is awarded the house and lot . . . , and shall assume the mortgage and hold the Husband harmless. However, because Husband left the marital home and failed to pay on the mortgage, it is now behind and therefore, Husband shall pay to the Wife, or to the mortgage company, one-half of the mortgage payments or a sum equal thereto, for the months of March, April, May and June, 2014. Husband shall execute and deliver to the Wife, a Quit Claim Deed conveying his interest in the real estate to the Wife. In the event it is necessary, Husband shall authorize Wife to deal with the mortgage company in order to attempt to refinance, or bring the mortgage up to date.

On August 8, 2017, Husband filed a pro se motion in the trial court seeking to have the mortgage loan and a student loan that Wife did not pay on time taken out of his name, stating that he wanted to purchase his own home soon. Husband filed a second, similar pro se motion regarding the mortgage on February 19, 2019, which the trial court denied on April 26, 2019.

Husband, now represented by counsel, filed a petition for contempt in the trial court on May 26, 2020, which petition is the subject of the instant appeal.[2] Therein, he alleged that though he had complied with the divorce decree, Wife had willfully failed to hold him harmless from the mortgage debt by failing or refusing to refinance the loan in her name alone and failing to make several payments. According to Husband, Wife's actions damaged his credit and caused him to be denied a home loan.[3] The petition further alleged that even though Wife had by that point become current on the mortgage payments, the history of delinquent payments harmed Husband's credit and home loan prospects. Husband argued that under Tennessee case law, failure to make timely payments on a mortgage assigned to one spouse in a divorce, thereby adversely affecting the other spouse's credit, constitutes a violation of the duty to hold the other spouse harmless from the debt, and is a proper basis for a contempt action. Husband requested the court order Wife to refinance or sell the home in order to relieve Husband of liability. Husband also requested attorney's fees and costs.

Wife filed a counter-petition for contempt, alleging, inter alia, that Husband had failed to pay alimony and reimbursement of certain medical expenses. She also sought attorney's fees. On July 13, 2021, the trial court entered an order denying Husband's contempt petition; granting Wife's contempt petition; denying Wife's alimony claim; denying Husband's request for attorney's fees; and awarding Wife judgment against Husband in the amount of $1,500.00.

---

[2] It is not clear whether this was a petition for civil or criminal contempt.
[3] According to Appellant's brief, he was denied a home loan three times due to the history of delinquent mortgage payments.

Husband appealed.[4]

## II.

In his statement of the issues, Husband requests that Wife be held in contempt for being late on the mortgage payments and thereby harming Husband.[5]

## III.

Unfortunately, our ability to conduct proper appellate review of Husband's arguments is hindered because Husband's brief fails to sufficiently comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 states, in pertinent part:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

\* \* \*

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

\* \* \*

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

---

[4] Wife did not file an appellate brief. We also note that Husband submitted correspondence to this court before he submitted his appellate brief. Even if we were to consider this correspondence as part and parcel of Husband's briefing, it would not affect the outcome of this appeal, discussed *infra*.

[5] Husband's statement of the issues reads as follows:

[Husband] wants the Court to hold [W]ife in contempt of being late on some Mortgage payments after the divorce recently in the last previous years. The Mortgage may be current now, but in the past before attending court on the issue, there were 6 late payments. While the Court suggested [W]ife attempt to refinance the Mortgage in the Court's divorce, it was not an order. With [W]ife being late it has brought harm to [H]usband. In the Final Decree of Divorce, [W]ife was awarded the house and lot . . . and shall assume the Mortgage and hold [H]usband harmless.

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Here, Husband's brief does not substantially comply with Rule 27. There is no table of authorities in his brief, which is not altogether surprising, as he does not cite any legal authority in support of his arguments. Moreover, nowhere in his brief does he cite to the record on appeal. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citations omitted).

Additionally, although Husband requests to be removed from the mortgage in the body of his brief, he does not explicitly designate that as an issue. "[A] properly framed issue may be the most important part of an appellate brief." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (citation omitted). Consequently, an issue is generally waived when it is argued in the body of the brief, but not designated as an issue on appeal. *See, e.g.*, *State v. Freeman*, 402 S.W.3d 643, 653 (Tenn. Ct. App. Oct. 16, 2012) ("Generally, an issue argued in the body of the brief, but not designated as an issue will be considered waived"); *Bunch v. Bunch*, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). Likewise, though Husband's statement of issues addresses whether Wife should be held in contempt, he does not elaborate on that issue in the body of his brief.[6] "In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a)." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

We are mindful of the fact that Husband is proceeding pro se in this appeal.[7] Nevertheless, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant

---

[6] To the extent that Husband petitioned for criminal contempt, "an appeal from an acquittal of criminal contempt is barred." *Overnite Transp. Co. v. Teamsters Loc. Union No. 480*, 172 S.W.3d 507, 510 (Tenn. 2005).

[7] However, Husband's contempt petition was filed by counsel in the trial court.

is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer*, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

We have previously held that failure to substantially comply with Rule 27 is grounds for dismissal of an appeal. *See, e.g.*, *Breeden v. Garland*, No. E2020-00629-COA-R3-CV, 2020 WL 6285300, at *1 (Tenn. Ct. App. Oct. 27, 2020) ("The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived and we dismiss the appeal."); *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Although we are mindful of Thomas's pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed."). Therefore, while we make no determination regarding the merits of Husband's appeal and are not without sympathy for his plight, we simply cannot properly review this appeal given the state of the briefing.

## V. CONCLUSION

This appeal is dismissed and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of appeal are taxed to Appellant Stevonski Buntyn, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

- 5 -