IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 5, 2024

## SARAH BROWN v. BRETT WALLACE

**Appeal from the Probate Court for Cumberland County**
**No. 2011-PF-2183   Daryl A. Colson, Judge**

———————————————————

**No. E2024-01156-COA-R3-JV**

———————————————————

The trial court found a father guilty of nine counts of criminal contempt based on his alleged violation of the trial court's previous order addressing child support arrearage and the current child support arrangement for the father's minor child. Because the order appealed from contains no findings on the essential elements of criminal contempt, on what evidence supports the judgment, or on whether the criminal contempt was initiated on proper notice, we vacate and remand to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Vacated; Case Remanded**

JOHN W. MCCLARTY, P.J., E.S., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFFREY USMAN, J., joined.

Michael R. Stooksbury, Kingston, Tennessee, and Robert Deno Cole, Knoxville, Tennessee, for the appellant, Brett Wallace.

Sarah Brown, Rockwood, Tennessee, pro se appellee.

## OPINION

### I.   BACKGROUND

Sarah Brown ("Mother") and Brett Wallace ("Father") are the parents of three children, one of whom is a minor. The minor child will reach the age of majority in September of 2026. By agreed order entered November 9, 2023, Mother was awarded a $40,000.00 judgment against Father, representing "all amounts that are due and owing to [her]" including "Father's child support arrearage obligation, unpaid insurance premiums,

and unpaid medical expenses on behalf of the minor children from the date of the parties' divorce through the date of the entry of this order." Additionally, the order reflected the parties' agreement that Father would consent to the minor child's adoption by his stepfather. If the adoption concluded within 120 days after the agreed order, then the judgment against Father would be reduced to $35,000.00. The agreed order specified that Father's current child support obligation would be $931.00 monthly and that his past child support obligation would be payable through a $750.00 monthly "wage assignment issued by the Child Support State Disbursement Unit" to begin upon the child's adoption or 120 days after entry of the agreed order, whichever occurred first.

On June 24, 2024, Mother petitioned for criminal contempt against Father and for modification of the child support agreed order entered November 9, 2023. Mother requested that the agreed order be modified to "give clear instructions to [Father]" to give notice of termination of employment within five days of termination, to give notice of new employment within five days of hire, and to require Father to make child support payments directly "to child support services at Tennessee Child Support, State Disbursement Unit, P.O. Box 305200, Nashville, TN 37229 on or before the due date." Mother's petition, filed pro se, alleged, inter alia:

> Mother has contacted the Child Support Disbursement Unit and was told that they do not issue wage assignment orders.

> The expiration of 120 days after the November 9, 2023, agreed order occurred March 8, 2024.

> A wage assignment order to McCoy Construction & Forestry (McCoy) was executed and obtained payments from [Father] in the following amounts per month for the months of November 2023 (415.38), December 2023 (1,038.45), January 2024 (1,038.45), February 2024 (623.07), March 2024 (1,038.45), April 2024 (415.38), and June 2024 (292.00). Total payments for the period from the last order (November 2023) until the filing of this petition is $4,445.80.

> [Father] left his employment with McCoy in April 2024. Mother has not received any notice of employment from the Father and no other wage assignment orders have been entered.

> The child support obligation accrued from November 9, 2023, until June 24, 2024, is as follows:

>> a. $900 per month due for November, December, January, February, and through March 8, 2024 (232.25) equals **$3,832.25**. Beginning March 8, 2024, the monthly current

- 2 -

child support obligation for [the minor child] increased to the amount of $931.

b. From March 9 ($690.74) through the date of filing [the petition] June 24, 2024 (1,862 + 690.74 = $2,552.74) for a total of **$2,552.74**. The total due since the entry of the last order is **$6,384.99**.

[Father] knowingly and willfully failed to make his current child support payments for: November 2023 (415.38), February 2024 (623.07), April 2024 (415.38), May ($0.00), and June 2024 (292.00) accounting for five counts of criminal contempt as set forth herein. In addition, the failure to pay current child support in compliance with the court order has created an additional arrearage of ($6,384.99 - $4,445.80) **$1,939.19**.

Summary Amount Due on Current Child Support Obligation:
November 2023 through March 8, 2024 - $3,832.25
March 9, 2024 through June 24, 2024 - 2,552.74
Total: $6,384.99

Amount paid on current child support obligation:
November 2023 through June 24, 2024 - $4,445.80

Additional Arrearage: $1,939.19

[Father's] obligation to pay $750 per month on the arrearage of $35,000 commenced March 8, 2024. No payments have been made on the arrearage accounting for four counts of criminal contempt as set forth below.

[Father] is an able-bodied man who has the ability to work, and pay the amounts ordered by this Court. He has knowingly and willfully disobeyed this Court order.

Mother's petition alleged nine counts of criminal contempt against Father:

COUNT 1: Respondent Brett Wallace knowingly and willfully failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his current child support obligation in November 2023.

COUNT 2: Respondent Brett Wallace knowingly and willfully failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his current child support obligation in February 2024.

COUNT 3: Respondent Brett Wallace knowingly and willfully failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his current child support obligation in April 2024.

COUNT 4: Respondent Brett Wallace knowingly and willful[ly] failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his current child support obligation in May 2024.

COUNT 5: Respondent Brett Wallace knowingly and willfully failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his current child support obligation in June 2024.

COUNT 6: Respondent Brett Wallace knowingly and willfully failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his child support arrearage obligation in March 2024.

COUNT 7: Respondent Brett Wallace knowingly and willfully failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his child support arrearage obligation in April 2024.

COUNT 8: Respondent Brett Wallace knowingly and willfully failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his child support arrearage obligation in May 2024.

COUNT 9: Respondent Brett Wallace knowingly and willfully failed to comply with the November 9, 2023 order by failing to make a full and timely payment on his child support arrearage obligation in June 2024.

Mother's petition included a notice of hearing setting the criminal contempt hearing for July 2, 2024, eight calendar days after the date of the petition. The petition contains a certificate of service, but it is unclear from the record and from the parties' briefs how or when Father was notified of the hearing on the petition. In her brief, Mother notes that "the returned summons is not in the technical record." Father did not appear at the hearing. There is no transcript of the July 2, 2024, hearing or statement of the evidence in the record.

By order entered July 15, 2024, the Probate and Family Court of Cumberland County ("trial court") granted Mother's petition for criminal contempt against Father and for modification of the agreed order entered November 9, 2023. The trial court found as follows on the allegations of criminal contempt:

The Mother provided sufficient evidence to prove beyond a reasonable doubt that Brett Wallace IS guilty of Criminal Contempt on counts 1 through 9 as detailed in the petition.

- 4 -

IT IS ORDERED that Brett Wallace is hereby sentenced to immediately serve forty (40) days incarceration in the custody of the Cumberland County [Sheriff's] Department to be served day for day until this sentence is complete.

Father appealed.

## II.    ISSUES

Father raises five issues on appeal:

A.    Whether a trial court may enter an order for criminal contempt by default.

B.    Whether, as to any of the nine counts, Mother introduced evidence sufficient to prove that the terms of the order that Father allegedly violated were clear, specific, and unambiguous.

C.    Whether, as to any of the nine counts, Mother introduced sufficient evidence to prove that Father's alleged violations were willful.

D.    Whether Father's convictions must be vacated due to notice defects.

E.    Whether the convictions must be vacated due to the trial court's failure to make sufficient factual findings.

## III.    STANDARD OF REVIEW

As this Court has explained:

A person charged with criminal contempt is "presumed innocent and may not be found to be in criminal contempt in the absence of proof beyond a reasonable doubt that they have willfully failed to comply with the court's order." *Long v. McAllister-Long*, 221 S.W.3d 1, 13 (Tenn. Ct. App. 2006) (citing *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996); *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993)). If the defendant is found guilty by the trial court, the defendant has the burden on appeal of illustrating why the evidence is insufficient to support the verdict of guilt. *Black*, 938 S.W.2d at 399. When the sufficiency of the evidence in a criminal contempt case is raised in an appeal, this court must review the record to determine if

the evidence in the record supports the finding of fact of guilt beyond a reasonable doubt, and "if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt" we are to set aside the finding of guilt. *See* Tenn. R. App. P. 13(e) (directing that "findings of guilt in criminal actions shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt").

*Pruitt v. Pruitt*, 293 S.W.3d 537, 545–46 (Tenn. Ct. App. 2008).

## IV.    DISCUSSION

The statutes governing the courts' contempt powers provide that Tennessee courts may "inflict punishments for contempts of court" in cases involving "[t]he willful disobedience or resistance of any . . . party . . . to any lawful . . . order . . . of such courts." Tenn. Code Ann. § 29-9-102(3). "One may violate a court's order by either refusing to perform an act mandated by the order or performing an act forbidden by the order." *Overnite Transp. Co. v. Teamsters Loc. Union No. 480*, 172 S.W.3d 507, 510–11 (Tenn. 2005). "There are three essential elements to criminal contempt: '(1) a court order, (2) the defendant's violation of that order, and (3) proof that the defendant willfully violated that order.'" *Pruitt*, 293 S.W.3d at 545 (quoting *Foster v. Foster*, No. M2006-01277-COA-R3-CV, 2007 WL 4530813, at *5 (Tenn. Ct. App. Dec. 20, 2007)). In addition, the party moving for contempt must show the following four elements: (1) the order allegedly violated was lawful; (2) the order was clear and unambiguous; (3) the individual charged did in fact violate the order; and (4) the individual acted willfully in so violating the order. *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 354–55 (Tenn. 2008); *Furlong v. Furlong*, 370 S.W.3d 329, 336 (Tenn. Ct. App. 2011) (stating that the four-element analysis outlined in *Konvalinka* applies to criminal and civil contempt actions).

On appeal, Father argues that the trial court's judgment cannot stand because it makes no factual or credibility findings, does not discuss the charges of contempt against him, and does not identify what evidence supports the court's ruling on criminal contempt. We agree. The ruling on Mother's petition for criminal contempt against Father is cursory. Again, it provides only that:

The Mother provided sufficient evidence to prove beyond a reasonable doubt that Brett Wallace IS guilty of Criminal Contempt on counts 1 through 9 as detailed in the petition.

IT IS ORDERED that Brett Wallace is hereby sentenced to immediately serve forty (40) days incarceration in the custody of the Cumberland County [Sheriff's] Department to be served day for day until this sentence is

- 6 -

complete.

When a trial court does not explain the basis of its ruling, we are hampered in performing our reviewing function. Tennessee Rule of Civil Procedure 52.01 requires that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. This Court has previously applied Rule 52.01's requirements to criminal contempt cases. *See Mawn v. Tarquinio*, No. M2019-00933-COA-R3-CV, 2020 WL 1491368, at *13 (Tenn. Ct. App. Mar. 27, 2020) (vacating the trial court's judgment in a criminal contempt case and instructing that "[a]ny new order issued by the trial court shall fully comply with Rule 52.01 of the Tennessee Rules of Civil Procedure.").

Here, the trial court's order is silent on each essential element of criminal contempt, including the factual question of whether Father's alleged failure to pay child support pursuant to the November 9, 2023, order was willful. A party may be noncompliant with a court order, but that noncompliance will not constitute contempt absent a finding that the party violated the order willfully. *Konvalinka*, 249 S.W.3d at 355. "Determining whether the violation of a court order was willful is a factual issue that is uniquely within the province of the finder-of-fact who will be able to view the witnesses and assess their credibility." *Id*. at 357. Thus, to support the grant of Mother's criminal contempt petition, the trial court needed to discuss the question of willfulness. Moreover, the trial court's order does not discuss the requirements within the November 9 order allegedly violated or consider whether that order was clear and unambiguous.

Additionally, citing Tennessee Rule of Criminal Procedure 42, Father presses that notice was defective in this case because Mother's petition did not afford him a reasonable time to prepare a defense. A proceeding for criminal contempt is required to comply with Rule 42(b) of the Tennessee Rules of Criminal Procedure. *Long*, 221 S.W.3d at 13. Rule 42(b) "requires that parties facing a criminal contempt charge be given explicit notice that they are charged with criminal contempt and must also be informed of the facts giving rise to the charge." *Id*. The Rule reads as follows:

*Content of Notice*. The criminal contempt notice shall:

(A) state the time and place of the hearing;

(B) allow the alleged contemner a reasonable time to prepare a defense; and

(C) state the essential facts constituting the criminal contempt charged and describe it as such.

Tenn. R. Crim. P. 42(b)(1). The sufficiency of a contempt notice pursuant to Rule 42(b) is

a question of law reviewed de novo. *Taylor v. Taylor*, No. M2024-00045-COA-R3-CV, 2025 WL 899792, at \*9 (Tenn. Ct. App. Mar. 24, 2025). Here again, the trial court's order does not address the question of notice in the first instance.

The absence of proper findings leaves us "to guess at the rationale the trial court used in arriving at its decision. This we cannot do." *Harthun v. Edens*, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at \*5 (Tenn. Ct. App. Mar. 17, 2016). We conclude that the trial court's order does not comply with Rule 52.01. With all the foregoing considerations in mind, we vacate the finding of criminal contempt and the sentence imposed. We remand to the trial court for findings of fact and conclusions of law on the elements of criminal contempt. On remand, the trial court shall also address the question of whether the notice in this case complied with Tennessee Rule of Criminal Procedure 42 and was permissible under the procedural rules which apply when computing any time period. *See* Tenn. R. Crim. P. 45 and Tenn. R. Civ. P. 6.01. Our holding pretermits the other issues Father raises and is dispositive of the appeal.

## V.     CONCLUSION

For the foregoing reasons, we vacate the trial court's order finding Father in criminal contempt and vacate the sentence imposed. We remand for findings of fact and conclusions of law. Costs of the appeal are taxed equally between the appellant, Brett Wallace, and the appellee, Sarah Brown.

s/ John W. McClarty
JOHN W. MCCLARTY, JUDGE